IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois Corporation, ) ) ) | |
| Plaintiff, ) | Case No.   08 C 236 |
| ) | |
| v. ) | Judge Elaine E. Bucklo |
| ) | |
| KATHY DAVIS, ) ) | Magistrate Judge Morton Denlow |
| Defendant. ) | |

## PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65, plaintiff Recycled Paper Greetings, Inc. ("RPG"), by and through its undersigned attorneys, moves this Court for an order entering a preliminary injunction against defendant Kathy Davis ("Davis") on the terms set forth below.

This case arises out of Davis' wrongful decision to deliver wholesale to one of RPG's prime competitors extraordinarily confidential and proprietary business information concerning a soon to be released significant business commitment with one of RPG's largest customers. As described in RPG's Verified Complaint, filed herewith, Davis and RPG have been parties to a business and contractual relationship for over seventeen years, whereby Davis licensed artwork and creative designs to RPG for use in greeting cards sold by RPG. In late summer 2007, Davis and RPG jointly obtained an agreement from one of RPG's largest customers to roll out a signature collection of cards (the "Signature Collection") initially in hundreds of stores and, shortly thereafter, nationwide. In order to secure that arrangement, Davis was made privy to RPG's highly confidential and proprietary information and trade secrets, including sensitive information pertaining not only to the Signature Collection and to RPG's business relationship with its major customer, but also to RPG's overall operations and strategic planning. RPG

reposed its full trust and confidence in Davis as a business partner in the Signature Collection venture. Indeed, RPG even allowed Davis to jointly present to the customer, at a meeting held in RPG's corporate headquarters, the proposal that, eventually, led to the customer's commitment.

RPG has now learned, and Davis has essentially admitted through written correspondence to RPG executives, that, while the Signature Collection concept was being jointly developed and negotiated and implemented, Davis was secretly --in violation of her contract with and duty of loyalty to RPG-- negotiating her own deal with American Greetings, a direct competitor of RPG, regarding the very same Signature Collection. Moreover, based on recent statements made by Davis, it appears certain that Davis has disclosed and/or will shortly disclose to American Greetings extraordinarily confidential and proprietary and trade secret information belonging to RPG, such as the Signature Collection concept, the RPG customer commitment to that concept, and the marketing and sales strategies and goals tied into the Signature Collection project. RPG has learned additionally that Davis intends to market the Signature Collection concept with American Greetings and, most likely, to at minimum approach the RPG customer with which RPG secured the roll out commitment. Put bluntly, Davis took the Signature Collection business deal won by RPG and shopped it to an RPG competitor. Once her deal was done, and once RPG had secured the customer's commitment, Davis then purported to terminate her seventeen-year relationship with RPG.

Davis thus has disclosed or inevitably will disclose to American Greetings the confidential, proprietary and trade secret information of RPG that she learned solely by virtue of her joint venture efforts with RPG. It is equally inevitable that Davis and, should it receive such information, American Greetings, will use that information to compete unfairly with RPG--e.g., if American Greetings and Davis were to approach the RPG customer about putting the

Signature Collection concept into stores under the American Greetings banner as opposed to that of RPG, it will obviously have to make sure that the proposal satisfies the customer arrangements agreed to already *with RPG*. Consequently, if the Court does not immediately enjoin Davis from this illegal and unethical behavior, RPG will suffer immediate and irreparable harm.

For these reasons, and as more fully articulated in the Verified Complaint and accompanying Memorandum of Law, filed herewith, RPG respectfully requests that the Court enter an immediate order:

1. Preliminarily restraining and enjoining Davis, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from using, disclosing, or transmitting to any individual or entity, for any purpose, the following trade secrets and proprietary information of RPG (collectively, the "Confidential Information"):

(a) information constituting or concerning RPG's agreements, arrangements, efforts, plans, strategies, negotiations, discussions, sales goals and/or communications regarding the Signature Collection; (b) information constituting or concerning RPG's corporate operations and strategic planning, including personnel strategies, customer strategies, consumer strategies and competitive strategies; and (c) information constituting or concerning RPG's market surveys, market analysis, pricing, product development, marketing initiatives, sales techniques, customer relationships, or any other proprietary information conveyed to Davis by RPG.

2. Preliminarily restraining and enjoining Davis, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from offering, marketing, selling, licensing, transferring or otherwise bestowing any economic or financial interest in the Signature Collection to anyone, including but not limited to American Greetings, except with the prior express written permission and consent of RPG.

3.  Preliminarily retraining Davis, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from interfering with or disrupting RPG's production, distribution, introduction and/or presentation of the Signature Collection for retail sale.

4.  Directing and compelling Davis to complete her obligations, responsibilities and commitments to RPG as regards the Signature Collection, by providing to RPG at its corporate headquarters, every three months for a period of one (1) year, at least three (3) new card designs to refresh the Signature Collection.

WHEREFORE, Plaintiff RPG requests the issuance of a preliminary injunction as set forth above. RPG further requests that on the final hearing of this cause, the order be made permanent. A proposed order is attached as Exhibit A hereto.

Dated: January 11, 2008

RECYCLED PAPER GREETINGS, INC.,

By: _____
One of the Attorneys for Plaintiff

Craig R. Annunziata
Illinois Bar No. 6209487
Joel W. Rice
Illinois Bar No. 6186471
FISHER & PHILLIPS, LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Steven Manchel
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459
(617) 796-8920

# EXHIBIT A

Case 1:08-cv-00236    Document 6    Filed 01/11/2008    Page 5 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No.　　08 C 236 |
| v. | ) ) | Judge Elaine E. Bucklo |
| KATHY DAVIS, | ) ) | Magistrate Judge Morton Denlow |
| Defendant. | ) ) | |

### ORDER FOR PRELIMINARY INJUNCTION

This cause coming to be heard on Plaintiff's Emergency Motion for Preliminary Injunction, and based upon the Verified Complaint, Motion for Preliminary Injunction, and the pleadings and evidence tendered herein, the Court being fully advised of the premises,

IT IS HEREBY ORDERED:

1. Davis is preliminarily restrained and enjoined, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from using, disclosing, or transmitting to any individual or entity, for any purpose, the following trade secrets and proprietary information of RPG (collectively, the "Confidential Information"): (a) information constituting or concerning RPG's agreements, arrangements, efforts, plans, strategies, negotiations, discussions, sales goals and/or communications regarding the Signature Collection; (b) information constituting or concerning RPG's corporate operations and strategic planning, including personnel strategies, customer strategies, consumer strategies and competitive strategies; and (c) information constituting or concerning RPG's market surveys, market analysis, pricing, product development, marketing initiatives, sales techniques, customer relationships, or any other proprietary information conveyed to Davis by RPG.

Chicago 89262.1

2

2. Davis is preliminarily restrained and enjoined, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from offering, marketing, selling, licensing, transferring or otherwise bestowing any economic or financial interest in the Signature Collection to anyone, including but not limited to American Greetings, except with the prior express written permission and consent of RPG.

3. Davis is preliminarily restrained and enjoined, whether directly or indirectly, alone or in concert with other persons or corporate entities until further Order of this Court, from interfering with or disrupting RPG's production, distribution, introduction and/or presentation of the Signature Collection for retail sale.

DATED:_____

ENTER:

_____
JUDGE

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on January 11, 2008, **PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** was served via regular U.S. Mail, and hand delivery via process server will be attempted upon:

>Kathy Davis
>1045 Limekiln Pike
>Ambler, Pennsylvania 19002
>
>Kathy Davis
>Kathy Davis Studios
>1126 Horsham Road, Suite B-1
>Ambler, Pennsylvania 19002

_____
[signature]