IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois corporation,<br><br>    Plaintiff,<br><br>v.<br><br>KATHY DAVIS,<br><br>    Defendant. | No. 08 C 236<br><br>Judge Elaine B. Bucklo<br><br>Magistrate Judge Morton Denlow |

## DEFENDANT KATHY DAVIS' OBJECTIONS
## TO PROPOSED ORDER GRANTING INJUNCTIVE RELIEF

As and for her Objections to Proposed Order Granting Injunctive Relief ("Proposed Order") submitted by Plaintiff, Recycled Paper Greetings, Inc.'s ("RPG"), Defendant Kathy Davis ("Davis") states as follows:

1. The Court conducted a hearing on RPG's Emergency Motion for Preliminary Injunction on January 24, 2008. After the hearing, RPG provided Davis a copy of its Proposed Order Granting Injunctive Relief ("Proposed Order").[1] A copy of the Proposed Order is attached as Exhibit 1.

2. In addition to her arguments that RPG is not entitled to injunctive relief of any kind (all of which are incorporated herein), Davis objects to the Proposed Order because it does not comply with the requirements of Federal Rule of Civil Procedure 65 ("Rule 65").

3. Rule 65(d) sets forth the content and scope required for every injunction and restraining order, as follows:

---

[1] Because RPG did not provide Davis a copy of the Proposed Order prior to the January 24 hearing, Davis had no ability to comment on the same during the hearing.

**(d) Contents and Scope of Every Injunction and Restraining Order.**

**(1) Contents.** Every order granting an injunction and every restraining order must:

**(A)** state the reasons why it issued;

**(B)** state its terms specifically; and

**(C)** describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

FRCP 65(d).

4. The Proposed Order fails to comply with Rule 65(d) because it does not state the reasons why it should issue (i.e., findings supporting that RPG established each of the requirements necessary to warrant entry of emergency injunctive relief).

5. Nor does the Proposed Order state its terms specifically or describe in sufficient detail the acts restrained. Instead, the Proposed Order is general and unspecific which renders it grossly overbroad (and, in fact, substantially broader that what RPG represented it was seeking during the January 24 hearing).[2]

6. As the Seventh Circuit has stated:

> Rule 65(d) requires that any injunction issued by a federal district court be detailed and specific. The purpose is to provide a solid foundation for any subsequent efforts to enforce the injunction by contempt proceedings or otherwise. It is also to spare the courts and the litigants a struggle over the injunction's scope and meaning.

Marseilles Hydro Power LLC v. Marseilles Land and Water Co., 299 F.3d 643, 646 (7th Cir. 2002) (internal citation omitted); see also PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 619 (7th Cir. 1998) (finding that an injunction must "be precise and self-contained, so that a person

---

[2] The Proposed Order seeks to prevent Davis from, among other things, *marketing her greeting cards as a collection in any store where RPG sells greeting cards and from using her name or the name "Scatter Joy" to do so*. (Proposed Order ¶¶ 1-2.) However, in court on January 24th, counsel indicated that RPG was seeking only to enjoin Davis from marketing her greeting cards as a collection to a specific retail outlet (hereinafter, the "Customer").

subject to it who reads it and nothing else has a sufficiently clear and exact knowledge of the duties it imposes on him that if he violates it he can be adjudged guilty of criminal contempt").

7. Although Paragraph 2 vaguely states that "Davis shall continue to market her greeting card designs only in the same manner in which, until December 28, 2007, she marketed her greeting card designs," there is no evidentiary basis tendered by RPG to isolate the "manner" in which Davis previously marketed her greeting card designs prior to December 28, 2007.

8. Likewise, Paragraphs 3 and 4 refer in conclusory terms to nondisclosure of purported "Confidential Information." However, here again, nowhere does the Proposed Order describe any such purported "Confidential Information" specifically or in sufficient detail to enable Davis to know what is restrained or enjoined.

9. Moreover, in court on January 24th, RPG's counsel stated that Davis "knows" what particular signage the Customer has approved for the so-called Signature Collection. This is incorrect. Davis does *not* know what signage has been approved. Indeed, as of December 11, 2007, RPG only had informed Davis that RPG had "[j]ust received word that *there's a potential opportunity to do signage* for this grouping now. *We don't know for certain . . . .*" (See December 11, 2007 email from Gretchen Hoffman of RPG to Davis, attached as Exhibit 2 (emphasis added).) RPG never subsequently informed Davis of the signage, if any, the Customer approved. Thus, to the extent RPG is seeking injunctive relief as to particular signage for the test for the Customer, it has submitted *no* evidence or information whatsoever as to the signage in question, nor has it submitted any evidence that Target has approved any such signage (or at all).

10. In sum, the Proposed Order is so indeterminate that it prevents any clarity with respect to its scope and is impermissibly vague. See Patriot Homes, Inc. v. Forest River Housing,

Inc., --- F.3d ---, 2008 WL 90081, at *6-11 (7th Cir. Jan. 10, 2008) (vacating preliminary injunction because the district court's order lacked the requisite specificity required by Rule 65(d) with respect to identifying the trade secrets and confidential information); see also City of Mishawaka v. Am. Elec. Power, 616 F.2d 976, 990 n.18 (7th Cir.1980) (vacating an injunction enjoining defendants "from monopolizing or attempting to monopolize the distribution and sale of electric power" because the injunction was too vague to identify the activities enjoined).

WHEREFORE, Davis objects to any entry of emergency injunctive relief and specifically to the content and scope of the Proposed Order submitted by RPG.

DATED: January 25, 2008

Respectfully submitted,

**KATHY DAVIS**

By:   s/James V. Garvey
          One of Her Attorneys

James V. Garvey
Frederic T. Knape
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: (312) 609-7500
F: (312) 609-5005