IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois Corporation, | |
| Plaintiff/Counterdefendant, | |
| v. | No. 08 C 236 |
| KATHY DAVIS, | Judge Bucklo |
| Defendant/Counterplaintiff. | Magistrate Judge Denlow |

## <u>DEFENDANT KATHY DAVIS' MOTION TO COMPEL</u>

As and for her Motion to Compel against Plaintiff/Counterdefendant, Recycled Paper Greeting Inc. ("RPG"), pursuant to Federal Rule of Civil Procedure ("FRCP" or "Rule") 37(a), Defendant/Counterplaintiff, Kathy Davis ("Davis"), states as follows:

## I.    INTRODUCTION

1.    Davis and RPG entered into a license agreement pursuant to which Davis provided her designs and artwork for greeting cards to be manufactured and sold by RPG.  The license agreement provided Davis the right to terminate the relationship which she did effective January 1, 2008.  RPG now seeks to "restrain and enjoin Davis from marketing her greeting cards as a collection to Target."  (Plaintiff's Response to Defendant's Objections to Proposed Order, p. 1.)

2.    The basis upon which RPG seeks this injunctive relief is the allegation that it has an agreement with Target to implement a "Signature Collection" of Kathy Davis greeting cards starting in March 2008 (hereinafter, the "Signature Collection" or "Collection").  (Verified Complaint for Injunctive and Other Relief ("Complaint" or "Compl.") ¶ 17, 42.)  RPG claims

that the information relating to Target's commitment to roll out the Signature Collection constitutes a trade secret.  (Plaintiff's Memorandum of Law in Support of Emergency Motion for Preliminary Injunction ("Memo of Law"), p. 3.)

3.      On February 1, 2008, the Court issued a 22-page Memorandum Opinion and Order denying RPG's Motion for Temporary Restraining Order and entered and continued RPG's Motion for Preliminary Injunction pending completion of expedited discovery.  To that end, Davis served narrowly tailored interrogatories and document requests to RPG seeking specific information relating to RPG's relationship with Target and Target's commitment to implement the Signature Collection—the very basis upon which RPG seeks preliminary injunctive relief.

4.      In its answers to interrogatories, RPG refuses to identify the persons at Target involved in rolling out the Signature Collection.  RPG also refuses to provide the specific plans and details concerning the implementation of the Signature Collection at Target.

5.      To compound matters, RPG repeatedly asserts baseless and unsupported objections to Davis' document requests and does not produce *any* documents whatsoever between it and Target.  In fact, while RPG at first responded that it would produce responsive documents to certain requests and objected to certain other requests on the basis that they were "overly broad" and "unduly burdensome," *RPG now claims that it has no documents to or from Target, and no documents to or from any third party, in relation to the Signature Collection or Target's commitment to implement the Signature Collection.*[1]

---

[1] RPG and Target are each defined in Davis' document requests to include "all other persons or entities acting or purporting to act for and on [their] behalf."

6.    In addition, RPG refuses to produce documents responsive to a number of document requests related to its trade secret claim, objecting that such information is irrelevant. Besides the fact that relevancy is broadly construed at the discovery phase, RPG ignores the fact that it is invoking trade secret law to enjoin Davis from marketing her greeting cards as a "collection" at Target.

7.    Although RPG is seeking preliminary injunctive relief against Davis, RPG does not provide any information regarding or supporting its sole basis for such extraordinary relief. At the same time, Davis has provided complete and detailed answers to interrogatories, produced all documents requested by RPG, and tendered witnesses for depositions in Pennsylvania over the past week.

8.    Davis has attempted to resolve these matters pursuant to Local Rule 37.2 and RPG has indicated that it does not intend to further amend its answers or supplement its document production. For the reasons addressed more fully herein, the Court should compel RPG to provide complete interrogatory answers signed in accordance with FRCP 33(b)(2) and produce responsive documents.

## II.    RELEVANT BACKGROUND

9.    Davis issued her First Set of Interrogatories ("interrogatories") and First Request for Production of Documents ("document requests" or "requests") on January 22, 2008. RPG provided its written objections and responses on January 29, 2008. (True and correct copies of RPG's answers to interrogatories and responses to request to produce are attached hereto, respectively, as **Exhibit A** and **Exhibit B**.) RPG did not produce any responsive documents at that time. Nor did RPG sign its Answers to Interrogatories in accordance with FRCP 33(b)(2).

10.    Davis sent a letter to RPG pursuant to FRCP 37 and Local Rule 37.2 on January 31, 2008. In that letter, Davis requested RPG to withdraw baseless objections for which RPG

provided no explanation or support. Davis also requested RPG to amend certain of its answers which were evasive, incomplete and/or non-responsive. (A true and correct copy of Davis' January 31, 2008 letter is attached hereto as **Exhibit C**.)

11.    On February 4, 2008, RPG produced its documents. Despite numerous specific requests, RPG did not produce any documents to or from Target relating to the parties' relationship, the Signature Collection or Target's commitment to implement the Signature Collection. In addition, RPG did not produce any documents for certain other requests despite indicating that it would do so in its written response.

12.    On February 5, 2008, RPG supplemented its answers to interrogatories and responses to document requests. Despite detailed explanations provided in Davis' January 31, 2008 letter, RPG did not withdraw any of its unsupported objections and, among other things, failed to address any of the specific deficiencies relating to Target, the Signature Collection or Target's commitment to implement the Signature Collection. Moreover, like its initial answers, RPG's supplemental answers were not signed in accordance with FRCP 33(b)(2). (A true and correct copy of RPG's Supplemental Answers to Interrogatories and Responses to Requests to Produce is attached hereto as **Exhibit D**.)

13.    Given the fact that RPG refused to provide complete answers to interrogatories and did not produced any documents related to the very basis upon which it is seeking preliminary injunctive relief, Davis sent a second letter to RPG pursuant to FRCP 37 and Local Rule 37.2 on February 7, 2008. Once again, Davis requested RPG to withdraw baseless objections, provide complete answers to interrogatories and produce responsive documents. Davis also requested to schedule a telephone conference for February 8, 2008 to attempt to

resolve these outstanding discovery issues.  (A true and correct copy of Davis' February 8, 2008 letter is attached hereto as **Exhibit E**.)

14.     Rather than engage in a telephone conference, RPG responded by letter on February 8, 2008.  In that letter, RPG indicated for the first time that "*all* discussions with Target regarding the Signature Collection [which commenced in the summer of 2007] were conducted in person or over the telephone.  We have not found any documents to or from Target regarding Davis or the Collection."  RPG further stated that "we have made our objections and do not intended [sic] to supplement our responses again.  (A true and correct copy of RPG's February 8, 2008 letter is attached hereto as **Exhibit F**.)[2]

## III.    ARGUMENT

15.     A party may file a motion to compel discovery under Rule 37 where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. See, e.g., Meyer v. Southern Pac. Lines, 199 F.R.D. 610, 611 (N.D. Ill. 2001).  In ruling on motions to compel, courts "have consistently adopted a liberal interpretation of the discovery rules."  Id. (citation omitted).  Under Rule 26, "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party …"  FRCP 26(b)(1).  The burden "rests upon the objecting party to show why a particular discovery requests is improper."  Id.  RPG cannot meet this burden with respect to any of Davis' discovery requests addressed below.

---

[2] Before receiving RPG's letter, counsel for Davis emailed RPG's counsel to confirm the telephone conference.  RPG's counsel responded that they were not available for a call until February 12, 2008.  However, it light of RPG's February 8, 2008 letter, it became obvious that the parties would be unable to resolve their differences and reach any accord with respect to the deficiencies in RPG's interrogatory answers and document production.  (A true and correct copy of the email exchange between counsel for Davis and RPG is attached hereto as **Exhibit G.**)

A.     **RPG's Answers and Supplemental Answers to Interrogatory Nos. 2 and 8 are Evasive and Incomplete.**

16.     RPG's answers and supplemental answers to Interrogatory Nos. 2 and 8 are insufficient.   These interrogatories relate directly to RPG's relationship with Target in connection with the Signature Collection, and Interrogatory No. 8 requests RPG to identify its purported trade secret upon which it seeks preliminary injunctive relief.

**INTERROGATORY NO. 2**

Identify the person or persons associated with Target primarily responsible for Target's relationship with Plaintiff, including in connection with the so-called "Signature Collection."  For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

**ANSWER**

Plaintiff is in the process of compiling information responsive to this request and reserves the right to supplement this response.

**SUPPLEMENTAL ANSWER**

Bridgett Bennett is Target's buyer for the greeting card category.  The Plaintiff has no idea what Ms. Bennett's duties and responsibilities are, as it is not her employer.

This supplemental answer is evasive and incomplete.   While RPG first indicated that it "*was in the process of compiling information responsive to this request*," RPG now only identifies a single individual at Target.  Yet, RPG does not even state that Ms. Bennett is the person "responsible for Target's relationship with RPG" or, more importantly, "responsible in connection with the Signature Collection."  This inadequacy is compounded by the fact that RPG now claims that *all* discussions with Target regarding the Signature Collection were conducted in person or over the telephone.   Davis is entitled to know who RPG dealt with at Target in connection with the Signature Collection.   American Floral Serv., Inc. v. Florists Transworld Delivery Ass'n, 107 F.R.D. 258, 260 (N.D. Ill. 1985) (stating that "the identity of witnesses having knowledge of relevant facts is discoverable information").

**INTERROGATORY NO. 8**

State with specificity and in detail Plaintiff's current plans with respect to the rollout of the so-called "Signature Collection," including without limitation through Target or any other retail outlet of any kind.

**ANSWER**

Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous. Based on the schedule devised by Plaintiff and Defendant, Defendant has supplied all artwork for the Signature Collection to the Plaintiff, and the Plaintiff has moved forward with production of the greeting cards to be used in the collection. The next steps in the plan are to produce the cards and distribute them to retail stores. Plaintiff reserves the right to supplement this response.

**SUPPLEMENTAL ANSWER**

Plaintiff's objection to this Interrogatory on the basis that it is vague and ambiguous is grounded in the fact that the Defendant does not define "current plans." The Defendant fails to specify whether "current" means pre-termination, post-termination, pre-litigation or post-litigation. Because of the uncertainty created by the Defendant's termination and subsequent litigation, the Plaintiff's "plans," however defined, are unknowable. As stated previously, the Plaintiff intends to move forward with the roll-out of the Signature Collection as envisioned by the Plaintiff, the Defendant and Target prior to the Defendant's termination of the License Agreement. Whether and how that might be accomplished is the subject of this litigation.

RPG claims that its plans with respect to the rollout of the Signature Collection is a trade secret. (Memo of Law, p. 3.) However, RPG merely answers this Interrogatory by stating that it "has moved forward with production of greeting cards" and that "the next steps … are to produce the cards and distribute them to retail stores." This answer provides no specific or detailed information with respect to the roll-out of the Signature Collection, including no information relating to any "signage" purportedly associated with the Collection. At the same time, RPG alleges in the Complaint that it has "committed to [Target] that it would roll out [the Signature Collection] in early 2008, and shortly thereafter nationally with all of its customers." (Compl. ¶ 42.) Given that this is the basis upon which RPG seeks preliminary injunctive relief, RPG should be compelled to state the specific details for rolling out the Signature Collection. American Intern. Specialty Lines Ins. Co. v. NWI-I, Inc., 240 F.R.D. 401, 413 (N.D. Ill. 2007)

(stating that "a responding party is required to provide full answers to interrogatories, which includes all information within that party's knowledge and control").[3]

**B.    RPG Does Not Produce Any Documents Relating to Target in Response to Request Nos. 2, 7, 9 and 10.**

17.    In at least four separate requests, Davis seeks relevant documents relating to RPG's relationship with Target in connection with the purported roll out the Signature Collection.  These requests are as follows:

**DOCUMENT REQUEST NO. 2**

For the period January 1, 2007 to the present, all documents and communications by and between Plaintiff and Target relating to the creation, distribution and placement of the so-called "Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

**DOCUMENT REQUEST NO. 7**

All correspondence, offers (and responses to same), proposals (and responses to same), letters of intent, contracts, agreements and communications of any kind by and between Plaintiff and Target, or between Plaintiff and any other person or entity, relating in any way to the so-called "Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

**DOCUMENT REQUEST NO. 9**

For the period January 1, 2007 to the present, all correspondence and communications of any kind between Plaintiff and Target relating to their relationship.

**DOCUMENT REQUEST NO. 10**

All documents and communications relating to any commitment by Target to roll out the so-called "Signature Collection."

18.    RPG contends that each of these requests is "overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."  Nowhere, however, does RPG explain or support any of these objections, and RPG is not entitled to simply list objections as a basis for refusing to produce responsive

---

[3] RPG contends that the time-period Davis refers to in this interrogatory is unclear.  This objection is groundless and intended only to delay a substantive answer.  In any event, Davis subsequently made clear to RPG that "current plans" means the pre-termination plan as of December 2007 (as well as the post-termination plan to the extent it is different or has changed for any reason).  Nonetheless, RPG refuses to further supplement its answer.

documents without, at a minimum, fully explaining and supporting those objections.  In re Aircrash Disaster Near Roselawn, 172 F.R.D. 295, 307 (N.D. Ill. 1997) (concluding that "[t]he burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules"); Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 386-88 (N.D. Ill. 1990) (holding that it is the obligation of the objecting party "to object with particularity so that the court can ascertain the objectionable character of the discovery request").

19.     At the same time, RPG responded that it would produce responsive documents to Requests Nos. 2, 7 and 10 (e.g., "RPG will produce correspondence and communications with Target … that concern Kathy Davis, Scatter Joy, the Signature Collection and/or any allegation in the Complaint.").  Yet, when Davis informed RPG that its document production contained no documents responsive to these requests, RPG then stated that it has "not found any documents to or from Target regarding Davis or the Signature Collection."

20.     In fact, although RPG has represented that it has produced all documents responsive to Davis' requests, RPG has not produced any documents to or from Target or any third party in relation to the Signature Collection or Target's commitment to implement the Signature Collection.  (See also Request No. 3.)

21.     Davis disputes the incredible assertion that RPG has no documents responsive to Requests Nos. 2-3, 7 and 9-10.  How can RPG in good faith assert objections that each of these document requests are "overly broad" and "unduly burdensome" when RPG allegedly has no responsive documents?  Moreover, how can RPG have a "commitment" from Target to roll out the Signature Collection in over 300 Target locations in March 2008, with specific signage to be

displayed in connection with the Collection,[4] without any written correspondence or any documentation of the terms of the commitment?

22.     While RPG backtracks off its statements by indicating that it is "searching again for communications between it and Target," Davis is entitled to all responsive documents without delay.  <u>Credit Gen. Ins. Co. v. Midwest Indem. Corp.</u>, 90 C 7151, 1992 WL 199227, at *3 (N.D. Ill. Aug. 7, 1992) (granting motion to compel production of documents because defendant was "attempting to respond to plaintiff's motion for summary judgment in a case brought by plaintiff" and "plaintiff should have anticipated that such discovery would be required").

**C.     RPG Does not Produce Documents in Response to Request Nos. 15, 16 and 25-27, and its Objections Should be Withdrawn or Stricken.**

23.     In its supplemental responses to Request Nos. 15 and 16, RPG responds that, "*subject to and without waiving its objections*, the Plaintiff … does not *appear* to be in possession of any documents responsive to [these] document request[s]."  RPG's objections are improper and RPG should be compelled to conduct a complete investigation and produce responsive documents.

**DOCUMENT REQUEST NO. 15**

For the period January 1, 2007 to the present, documents, photographs and other materials showing or depicting RPG marketing or offering for sale a "collection" of RPG artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

---

[4]  Signage is a significant aspect of this case.  During the hearing on the Motion for a Temporary Restraining Order, RPG's counsel represented to the Court that Target had committed to allowing specific signage to be displayed in connection with the Signature Collection.  In light of that representation, counsel for Davis requested RPG to provide color copies of any and all signage that Target has approved for the Collection.  (A true and correct copy of counsel's January 24, 2008 email is attached hereto as **Exhibit H**.)  This request was also encompassed in Request No. 8.  To date, however, RPG has not produced any signage that Target has approved for the Signature Collection.  Nor has RPG produced any document(s) demonstrating any commitment by Target to even allow signage.

**RESPONSE**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Other RPG artists" is vague and not defined in the Document Requests. Further, the Request as it pertains to "other artists" has nothing to do with the allegations in the Complaint, as the Complaint is concerned solely with Davis.

**SUPPLEMENTAL RESPONSE**

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

**DOCUMENT REQUEST NO. 16**

All marketing, research and other documents of any kind showing any competitor of RPG marketing or offering for sale a "collection" of artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

**RESPONSE**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Any competitor" and "artists" are vague and not defined in the Document Requests.

**SUPPLEMENTAL RESPONSE**

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

Davis does not understand how RPG can stand on its unsupported objections that these requests are overly broad and unduly burdensome when RPG now asserts that "*it does not appear to be in possession of any documents responsive to this Document Request.*" In addition, while RPG complains that "artists" and "competitors" are undefined, RPG need only refer back to the Complaint where RPG repeatedly uses these same terms in its allegations. Finally, the manner in which RPG or any other competitor in the greeting card industry presently or formerly marketed or publicly displayed a "collection" of any greeting card artist is directly relevant to RPG's trade secret claim as it pertains to enjoining Davis from "from marketing her greeting cards as a *collection* to Target."

24.     In Request No. 25, Davis is entitled to challenge RPG's allegation that it "takes all steps reasonably necessary to protect its confidential and proprietary and trade secret information from being disclosed." (Compl. ¶ 26.)

**DOCUMENT REQUEST NO. 25**

All agreements of any kind between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete.

**RESPONSE**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE**

The Plaintiff stands on its objections as stated. The Defendant is not entitled to production of contracts or agreements between RPG and "other artists" who are not parties to this litigation. To the extent that the Defendant suggests that she is "entitled to challenge by way of discovery RPG's allegations that it 'takes all steps reasonably necessary to protect its confidential information and proprietary and trade secret information from being disclosed,'" the Plaintiff responds by stating that it has never alleged, in the Verified Complaint or otherwise, that any "other artist" received or was made privy to any of the confidential information or trade secrets that were shared with the Defendant. Moreover, there is no allegation in the Verified Complaint – with respect to the defendant or otherwise – regarding any "covenants not to compete." Therefore, this Document Request, which seeks "terms and provisions relating to confidentiality and/or covenants not to compete" in RPG's agreements with "other artists," is not reasonably calculated to lead to discovery of admissible evidence.

Here again, RPG is not entitled to simply list objections as a basis for refusing to produce responsive documents without, at a minimum, fully explaining and supporting those objections. Schaap, 130 F.R.D. at 386-88. RPG also suggests "the subject of the litigation is so narrow that the information regarding other artists and/or their agreements is irrelevant." RPG is wrong. Whether RPG utilizes confidentiality agreements in the conduct of its business is directly relevant (albeit not in and of itself conclusive) to evaluating whether RPG took reasonable measures to protect its alleged confidential information and trade secrets. See, e.g., Arcor, Inc. v. Haas, 363 Ill. App. 3d 396, 402, 842 N.E. 2d 265, 271 (1st Dist. 2005) (indicating that

implementation of confidentiality agreements is a factor to consider when determining whether plaintiff took reasonable steps to keep customer information confidential).  If RPG does not employ confidentiality agreements, then it should indicate that there are no responsive documents.  If it does, then it should produce those agreements.

25.    While RPG indicated that "it would produce … responsive documents" to Request No. 26, it has not and should be compelled to do so.

**DOCUMENT REQUEST NO. 26**

Documents sufficient to fully account for all "existing KDS inventory" RPG has for use during the "Sell Off Period," as those terms are set forth and/or defined in the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint.

**RESPONSE**

Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

26.    Finally, RPG objects to producing documents in response to Request No. 27 because RPG claims this request is "overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence."

**DOCUMENT REQUEST NO. 27**

All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to the "Permanent Branded Collection" provision set forth therein.

**RESPONSE**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  There is no allegation in the Complaint pertaining to the Permanent Branded Collection.  Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**SUPPLEMENTAL RESPONSE**

The Plaintiff stands on its objections as stated.  To the extent that the Defendant suggests that she "is entitled to discovery information pertaining to her defenses to RPG's claim for emergency injunctive relief and for damages, including with respect to RPG's breach of the 'Permanent Branded Collection' provision in the March 22, 2006 renewal," the Defendant has not filed an Answer or other responsive pleading and thus has not

asserted any "defenses." While recognizing that the Defendant has a right to conduct discovery on these issues once an answer is filed and defenses are asserted (including but not limited to the Counterclaim which was filed subsequent to the service of Document Requests and responses thereto), the Plaintiff states that it believes that it has produced all documents in its possession responsive to this request in it is initial production. The Plaintiff reserves the right to supplement this Response if it discovers additional responsive documents.

This request relates to Davis' counterclaim for breach of contract and RPG's likelihood of success on its breach of contract claim. Moreover, in light of her Motion to Dismiss which is pending, Davis is not required to file an answer or affirmative defenses at this time. In any event, Davis need not file an answer or affirmative defenses before she "has a right to conduct discovery on these issues." RPG has not produced documents responsive to this request, despite its stated "belief," and should be compelled to do so.

## IV.    CONCLUSION

WHEREFORE, Davis requests the Court to grant this Motion and compel RPG to provide complete interrogatory answers signed in accordance with FRCP 33(b)(2) and produce responsive documents.

DATED: February 11, 2008                        Respectfully submitted,

                                                **KATHY DAVIS**


                                                By:    s/James V. Garvey
                                                       One of Her Attorneys

James V. Garvey
Frederic T. Knape
Vedder Price P.C.
222 North LaSalle Street
Suite 2600
Chicago, Illinois 60601-1003
T: (312) 609-7500
F: (312) 609-5005