# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois corporation,<br><br>plaintiff,<br><br>v.<br><br>KATHY DAVIS,<br><br>defendant. | Case No. 08 C 236<br>Judge Elaine E. Bucklo<br><br>Magistrate Judge Morton Denlow |

**PLAINTIFF RECYCLED PAPER GREETINGS, INC.'S
RESPONSES AND OBJECTIONS TO DEFENDANT'S
FIRST INTERROGATORIES TO PLAINTIFF**

Plaintiff Recycled Paper Greetings, Inc. objects and responds to Defendant's First Interrogatories, as follows:

**General Responses and Objections**

A. Plaintiff objects to each of Defendant's Interrogatories on the basis of the attorney-client privilege to the extent that Defendant seeks disclosure of information or documents constituting, evidencing or reflecting communications between Plaintiff and its attorneys or information that is otherwise protected by the attorney-client privilege.

B. Plaintiff objects to each of Defendant's Interrogatories on the basis of the work-product doctrine to the extent that Defendant seeks disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions, opinions or legal theories of Plaintiff's attorneys or other representatives, or information that is otherwise protected by the work-product doctrine.

1

C. Plaintiff objects to each of Defendant's Interrogatories to the extent that Defendant seeks disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff.

D. Plaintiff objects to Defendant's Interrogatories and instructions to the extent that they purport to impose upon Plaintiff any obligation beyond those imposed by the Federal Rules of Civil Procedure or Local Rules of the district court.

E. The inadvertent production by Plaintiff of documents containing information protected from disclosure by the attorney/client privilege, work-product doctrine, Rule 26(b)(3) or any other applicable privilege, shall not constitute a waiver by Plaintiff of any such protection.

F. Plaintiff objects to Defendant's Interrogatories to the extent that they seek documents or information which Plaintiff has an obligation to maintain as confidential either by a confidentiality agreement or similar provision.

G. These responses are based on information currently possessed by Plaintiff. Plaintiff reserves the right to supplement, amend, or correct all or any part of the responses and objections herein, as well as the document produced in response to the Interrogatories.

H. Plaintiff's responses shall not be deemed to constitute waivers of any objections or constitute admissions that any statement or characterization of Defendant's Interrogatories is accurate or complete.

I. Any statement herein agreeing to produce documents is not, and shall not be construed as, an acknowledgement that such document exists or such documents exist. Plaintiff will produce documents in accordance with its response to the request to the extent that it has such documents in its possession, custody or control.

J.  Plaintiff reserves the right to object to the admissibility in evidence of any of the responses or documents produced hereunder and/or any of the information contained herein.

K.  Plaintiff reserves the right to reply at the time of trial or in other proceedings in this action upon documents, things and evidence in addition to those provided in responses to Defendant's Interrogatories regardless of whether any such documents, things or evidence are newly discovered or currently in existence.

L.  Plaintiff objects to responding to these Interrogatories to the extent that such responses require the disclosure of confidential and/or proprietary information, and/or trade secrets, as the parties have not entered into a confidentiality agreement or protective order as of the date of this response, despite Plaintiff's best efforts.

Specifically incorporating each of the foregoing general objections and responses into each response below, and without waiving said objections, Plaintiff responds as follows:

## INTERROGATORY NO. 1

Identify the person or persons associated with Plaintiff primarily responsible for Plaintiff's relationship with Target, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

## RESPONSE TO INTERROGATORY NO. 1

Noelle Shannon is Plaintiff's Target Product Manager and was the person most responsible for Plaintiff's relationship with Target in connection with the Signature Collection project. Ms. Shannon's duties and responsibilities are described more fully in the Declaration of Noelle Shannon which was filed under seal in this action, and of which Defendant is in possession.

## INTERROGATORY NO. 2

Identify the person or persons associated with Target primarily responsible for Target's relationship with Plaintiff, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

3

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiff is in the process of compiling information responsive to this request and reserves the right to supplement this response.

**INTERROGATORY NO. 3**

Identify specifically and in detail each and every piece of confidential information (and, if different, each and every trade secret) of Plaintiff that Plaintiff contends is at issue in this action.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiff objects to this Document Request to the extent that it calls for a legal conclusion. Plaintiff further objects to the extent that the Request is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Plaintiff directs the Defendant to the Verified Complaint and the Declaration of Jude Rake, which address the question posed. As detailed in the Verified Complaint and in the Declaration of Jude Rake, this confidential information includes, but is not limited to: the fact that RPG entered into the Signature Collection arrangement with its customer; the terms of RPG's arrangement with its customer, including marketing and pricing and projections and strategic emphasis; the timing and manner and extent of the rollout of the project, both with the customer at issue now and nationally; the number of designs in the Signature Collection; the nature and design of the cards in the Signature Collection; the mix of sentiments (birthday, love, congratulations, thank you) in the Signature Collection; the linear shelf space devoted to the Signature Collection; where the Signature Collection will be located in stores; the new (for RPG, Davis and Target) signage devoted to the Signature Collection; pricing; sales goals and projections; and revenue forecasts.

By way of further response, Jude Rake, CEO of Plaintiff RPG, shared with the Defendant confidential information and trade secrets of RPG in the form of PowerPoint slide presentations at a meeting with the Defendant in Chicago in November of 2007. This confidential information included business plans, market research, market studies, pricing plans, personnel strategies and consumer strategies.

Plaintiff is in the process of compiling additional information responsive to this request and reserves the right to supplement this response.

**INTERROGATORY NO. 4**

If different from Plaintiff's answer to Interrogatory No. 3, identify specifically and in detail each and every piece of confidential information (and, if different, each and every trade secret) that Plaintiff contends Defendant has possession of, has disclosed, and/or will inevitably disclose.

### RESPONSE TO INTERROGATORY NO. 4

Defendant is in possession of the confidential information shared with her as described in the Verified Complaint and in Response to Interrogatory No. 3, above. Plaintiff is not aware of the extent to which the Defendant has disclosed and/or will inevitably disclose confidential information, which is the purpose of discovery in this matter. Plaintiff is in the process of compiling additional information responsive to this request and reserves the right to supplement this response.

### INTERROGATORY NO. 5

Separately for each piece of confidentiality information (and, if different, each and every trade secret) identified in response to the foregoing Interrogatories, identify specifically and in detail "all steps" Plaintiff has taken to protect such alleged confidential and/or trade secret information from being disclosed, as alleged in Paragraph 26 of the Complaint.

### RESPONSE TO INTERROGATORY NO. 5

With respect to the PowerPoint slide presentations shared with Defendant by Jude Rake in November of 2007, the pages of those slide presentations were marked "Confidential." Moreover, this information was shared with Defendant based on her knowledge and agreement that the information was confidential. Defendant was aware that she was being shown highly sensitive and confidential information, information which was not known outside a small group of individuals at RPG.

Plaintiff is in the process of compiling additional information responsive to this request and reserves the right to supplement this response.

### INTERROGATORY NO. 6

Identify specifically and in detail each and every breach of contractual obligation and/or breach of covenant of good faith and fair dealing Davis owed to RPG, as alleged in Paragraph 55 of the Complaint.

### RESPONSE INTERROGATORY NO. 6

Defendant breached her contractual obligation to Plaintiff by failing to properly terminate the License Agreement in accordance with the terms and provisions of that agreement. Defendant further breached her contractual obligation to Plaintiff by offering a license for the use of her designs to a competitor at a time when she was party to an exclusive license agreement with the Plaintiff. Defendant breached the covenant of good faith and fair dealing in shopping a deal Plaintiff had negotiated with Target to a competitor of the Plaintiff. Defendant further breached the covenant of good faith and fair dealing by offering to a competitor the Signature Collection that had been developed in good faith by Plaintiff, in conjunction with the Defendant. Defendant further breached the covenant of good faith and fair dealing in reneging on her oral

promise to remain with Plaintiff for one additional year beyond January 1, 2008. Plaintiff reserves the right to supplement this response.

### INTERROGATORY NO. 7

State with specificity and in detail each and every basis upon which RPG claims any right to the "Scatter Joy" and/or "Kathy Davis" name as a brand concept or otherwise.

### RESPONSE TO INTERROGATORY NO. 7

Defendant contributed the "Scatter Joy" name, as well as her own name, to the joint venture by and between Plaintiff and Defendant. Plaintiff's right to use those names derives from its status as a joint venture partner, and from Defendant's direct and material contribution of her name and "Scatter Joy" to the joint venture.

### INTERROGATORY NO. 8

State with specificity and in detail Plaintiff's current plans with respect to the rollout of the so-called "Signature Collection," including without limitation through Target or any other retail outlet of any kind.

### RESPONSE INTERROGATORY NO. 8

Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous. Based on the schedule devised by Plaintiff and Defendant, Defendant has supplied all artwork for the Signature Collection to the Plaintiff, and the Plaintiff has moved forward with production of the greeting cards to be used in the collection. The next steps in the plan are to produce the cards and distribute them to retail stores.

Plaintiff reserves the right to supplement this response.

### INTERROGATORY NO. 9

For the period January 1, 2007 to the present, identify each and every retail outlet in which there is a stand-alone or other public display featuring signage or other designating logos of [sic] marks of KDI or of Kathy Davis greeting cards, where either "Kathy Davis," "Scatter Joy" or other brands of KDI that are evident from the display without a consumer having to turn over any particular greeting card.

### RESPONSE TO INTERROGATORY NO. 9

Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, vague and ambiguous. Plaintiff is not aware of what Defendant means by "stand-alone" or "other public display," nor what constitutes the "designating logos of [sic] marks of KDI or of Kathy Davis greeting cards" or "other brands of KDI." Nor is Plaintiff aware of what

6

is or is not "evident" from a display. By way of further response, Plaintiff states that it is not aware of any public displays of "Scatter Joy" in any retail outlets.

**INTERROGATORY NO. 10**

For the period January 1, 2007 to the present, identify each and every other artist who licenses designs or artwork to RPG in connection with the marketing and sale of greeting cards, where there is a stand-alone or other public display showcasing the artist's collection of cards, including by specifically identifying the artist without a consumer having to turn over any particular greeting card. For each artist identified, identify each and every outlet in which such stand-alone or other display exist [sic] during such time period.

**RESPONSE TO INTERROGATORY NO. 10**

Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. The information sought is beyond the permissible scope of discovery, as it does not pertain to any allegation in the Complaint. "Other artists," whatever that might mean in the context of this Interrogatory (as such term is not defined in Defendant's Interrogatories), are not the subject of the Complaint nor any allegation therein.

**INTERROGATORY NO. 11**

Identify each and every third person or entity with whom Plaintiff and Plaintiff's counsel has communicated concerning the allegations contained in the Complaint or in Plaintiff's moving papers associated with Plaintiff's request for emergency or other injunctive relief, and further state (a) the date of each such communication, (b) the manner of each such communication, and (c) the sum and substance of each such communication.

**RESPONSE TO INTERROGATORY NO. 11**

Plaintiff objects to this Interrogatory to the extent that it requires the disclosure of information protected by the attorney/client privilege or work product doctrine. Subject to and without waiving this objection or its formal objections, Plaintiff states that its counsel has had communications between January 25, 2008 and January 29, 2008 with counsel for American Greetings Corporation regarding subpoenas for document production and depositions.

Dated: January 29, 2008

RECYCLED PAPER GREETINGS, INC.,

By: _____
One of the Attorneys for Plaintiff

Craig R. Annunziata
Illinois Bar No. 6209487
Joel W. Rice
Illinois Bar No. 6186471
FISHER & PHILLIPS, LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Steven Manchel
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459
(617) 796-8920

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on January 29, 2008, **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES** was served upon:

> James Garvey, Esq.
> Vedder Price P.C.
> 222 North LaSalle Street
> Chicago, IL 60601

via hand-delivery.

_____
Joel W. Rice