# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

```
-------------------------------------------------)
                                                 )
RECYCLED PAPER GREETINGS, INC.,                  )
an Illinois corporation,                         )
                                                 )
                    plaintiff,                   )      Case No.  08 C 236
                                                 )      Judge Elaine E. Bucklo
v.                                               )
                                                 )
KATHY DAVIS,                                     )      Magistrate Judge Morton Denlow
                                                 )
                    defendant.                   )
                                                 )
-------------------------------------------------)
```

### PLAINTIFF RECYCLED PAPER GREETINGS, INC.'S
### RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST
### REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Recycled Paper Greetings, Inc. objects and responds to Defendant's First

Request for Production of Documents, as follows:

### General Responses and Objections

A.      Plaintiff objects to each of Defendant's requests on the basis of the attorney-client

privilege to the extent that Defendant seeks disclosure of information or documents constituting,

evidencing or reflecting communications between Plaintiff and its attorneys or information that

is otherwise protected by the attorney-client privilege.

B.      Plaintiff objects to each of Defendant's requests on the basis of the work-product

doctrine to the extent that Defendant seeks disclosure of information or documents prepared in

anticipation of litigation or for trial by or for Plaintiff or the mental impressions, conclusions,

opinions or legal theories of Plaintiff's attorneys or other representatives, or information that is

otherwise protected by the work-product doctrine.

1

C.    Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks disclosure of information or documents prepared in anticipation of litigation or for trial by or for Plaintiff.

D.    Plaintiff objects to Defendant's requests and instructions to the extent that they purport to impose upon Plaintiff any obligation beyond those imposed by the Federal Rules of Civil Procedure or Local Rules of the district court.

E.    The inadvertent production by Plaintiff of documents containing information protected from disclosure by the attorney/client privilege, work-product doctrine, Rule 26(b)(3) or any other applicable privilege, shall not constitute a waiver by Plaintiff of any such protection.

F.    Plaintiff objects to Defendant's requests to the extent that they seek documents or information which Plaintiff has an obligation to maintain as confidential either by a confidentiality agreement or similar provision.

G.    These responses are based on information currently possessed by Plaintiff. Plaintiff reserves the right to supplement, amend, or correct all or any part of the responses and objections herein, as well as the document produced in response to the requests.

H.    Plaintiff's responses shall not be deemed to constitute waivers of any objections or constitute admissions that any statement or characterization of Defendant's requests is accurate or complete.

I.    Any statement herein agreeing to produce documents is not, and shall not be construed as, an acknowledgement that such document exists or such documents exist. Plaintiff will produce documents in accordance with its response to the request to the extent that it has such documents in its possession, custody or control.

2

J.      Plaintiff reserves the right to object to the admissibility in evidence of any of the

responses or documents produced hereunder and/or any of the information contained herein.

K.      Plaintiff reserves the right to rely at the time of trial or in other proceedings in this

action upon documents, things and evidence in addition to those provided in responses to

Defendant's requests regardless of whether any such documents, things or evidence are newly

discovered or currently in existence.

Specifically incorporating each of the foregoing general objections and responses into

each response below, and without waiving said objections, Plaintiff responds as follows:

**DOCUMENT REQUEST NO. 1**

For the period January 1, 2007 to the present, all documents and communications by and
between Plaintiff and Defendant relating to the creation, distribution and placement of the so-
called "Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly
burdensome, vague, ambiguous and could be construed to include voluminous artwork, designs
and computer images exchanged between the parties. Plaintiff further objects to this Document
Request to the extent that "relating to" could be construed to include documents and information
protected by the attorney/client privilege and/or work product doctrine. Subject to and without
waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents
within its possession, custody or control.

**DOCUMENT REQUEST NO. 2**

For the period January 1, 2007 to the present, all documents and communications by and
between Plaintiff and Target relating to the creation, distribution and placement of the so-called
"Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly
burdensome, vague, ambiguous and could be construed to include voluminous artwork, designs
and computer images exchanged between Plaintiff and Target. Plaintiff further objects to this
Document Request to the extent that "relating to" could be construed to include documents and
information protected by the attorney/client privilege and/or work product doctrine. Plaintiff
further objects to this Document Requests to the extent that it would require the disclosure of

trade secrets and confidential information not known to Plaintiff's competitors. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

## DOCUMENT REQUEST NO. 3

For the period January 1, 2007 to the present, all documents and communications by and between Plaintiff and any third person or entity (including without limitation Monitor Clipper Partners) relating to the creation, distribution and placement of the so-called "Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 3

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous and is neither relevant nor reasonably calculated to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control, including Monitor Clipper Partners.

## DOCUMENT REQUEST NO. 4

For the period January 1, 2007 to the present, all internal documents, notes, summaries and/or communications by and between Plaintiff's current and/or former directors, officers, employees, consultants, and agents, relating to the creation, distribution and placement of the so-called "Signature Collection" of cards, as alleged in paragraph 14 of the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 4

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague and ambiguous. Plaintiff further objects to this Document Requests to the extent that it would require the disclosure of documents and information protected by the attorney/client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

## DOCUMENT REQUEST NO. 5

For the period January 1, 2007 to the present, all documents and communications by and between Plaintiff and any third person or entity (including without limitation Monitor Clipper Partners) relating to Defendant and the potential continuation (or discontinuation) of the relationship between Plaintiff and Defendant.

4

**RESPONSE TO DOCUMENT REQUEST NO. 5**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague and ambiguous. Plaintiff further objects to this Document Requests to the extent that it would require the disclosure of documents and information protected by the attorney/client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 6**

For the period January 1, 2007 to the present, all internal documents, notes, summaries and/or communications by and between Plaintiff's current and/or former directors, officers, employees, consultants, and agents, relating to Defendant and the potential continuation (or discontinuation) of the relationship between Plaintiff and Defendant.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague and ambiguous. Plaintiff further objects to this Document Requests to the extent that it would require the disclosure of documents and information protected by the attorney/client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 7**

All correspondence, offers (and responses to same), proposals (and responses to same), letters of intent, contracts, agreements and communications of any kind by and between Plaintiff and Target, or between Plaintiff and any other person or entity, relating in any way to the so-called Signature Collection of cards, as alleged in Paragraph 14 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that it would require the disclosure of documents and information protected by the attorney/client privilege and work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 8**

Copies of any and all marketing, advertising and/or promotional materials of any kind created, developed or distributed by or on behalf of Plaintiff at any time in connection with the so-called Signature Collection.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 9**

For the period January 1, 2007 to the present, all correspondence and communications of any kind between Plaintiff and Target relating to their relationship.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**DOCUMENT REQUEST NO. 10**

All documents and communications relating to any commitment by Target to roll out the so-called Signature Collection.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Plaintiff objects to this Document Request to the extent that "any commitment" is overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 11**

All documents relating to any effort by Plaintiff to create, market, sell, distribute or otherwise roll out the so-called Signature Collection to or through any other retail outlet of any kind, at any point in time.

## RESPONSE TO DOCUMENT REQUEST NO. 11

Plaintiff objects to this Document Request to the extent that "any effort," "any other retail outlet," "any kind," and "any point in time" are overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

## DOCUMENT REQUEST NO. 12

All documents and communications relating to any effort by Plaintiff to create, market, sell or distribute in any manner the brand "Scatter Joy," including documents sufficient to identify dates on which Plaintiff did any of the foregoing.

## RESPONSE TO DOCUMENT REQUEST NO. 12

Plaintiff objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

## DOCUMENT REQUEST NO. 13

Documents sufficient to identify with particularity all RPG confidential information and/or trade secrets that Plaintiff contends Defendant allegedly has possession of, has disclosed, and/or inevitably will disclose.

## RESPONSE TO DOCUMENT REQUEST NO. 13

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague and ambiguous. To the extent that Plaintiff has not already provided Defendant with a list of categories of confidential information as discussed above, it will endeavor to do so.

## DOCUMENT REQUEST NO. 14

All documents relating to "all steps" Plaintiff allegedly has taken "to protect its confidential, proprietary and/or trade secret information from being disclosed," as alleged in Paragraph 26 of the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 14

Plaintiff objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or

work product doctrine. Subject to and without waiving the foregoing objection, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

## DOCUMENT REQUEST NO. 15

For the period January 1, 2007 to the present, documents, photographs, and other materials showing or depicting RPG marketing or offering for sale a "collection" of RPG artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artists' name is evident without having a consumer having to turn-over a particular greeting card.

## RESPONSE TO DOCUMENT REQUEST NO. 15

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Other RPG artists" is vague and not defined in the Document Requests. Further, the Request as it pertains to "other RPG artists" has nothing to do with the allegations in the Complaint, as the Complaint is concerned solely with Davis.

## DOCUMENT REQUEST NO. 16

All marketing, research or other documents of any kind showing any competitor of RPG marketing or offering for sale a "collection" of artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artists' name is evident without having a consumer having to turn-over a particular greeting card.

## RESPONSE TO DOCUMENT REQUEST NO. 16

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Any competitor" and "artists" are vague and are not defined in the Document Requests.

## DOCUMENT REQUEST NO. 17

All notes taken by any person associated with RPG in connection with (including before, during and/or after) any meeting held between Plaintiff and Defendant between January 1, 2007 and the present, and all documents shown to or provided by either Plaintiff or Defendant to the other at or in relation to any such meeting, including without limitation, plans, strategies, charts, diagrams, graphs, projections, and information concerning historical performance.

## RESPONSE TO DOCUMENT REQUEST NO. 17

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "All notes" from "any meeting" and "all documents" are overly broad

and exceed the permissible scope of discovery. Plaintiff will produce non-privileged, responsive documents within its possession, custody or control upon narrowing of this Request in accordance with these objections.

## DOCUMENT REQUEST NO. 18

All documents relating to or supporting Plaintiff's contention that Defendant has disclosed any purported confidential information or trade secrets of Plaintiff to any third person or entity, including without limitation American Greetings Corporation.

## RESPONSE TO DOCUMENT REQUEST NO. 18

Plaintiff objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to and without waiving the foregoing objection, and to the extent that any such documents exist, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

## DOCUMENT REQUEST NO. 19

All documents and communications relating to or supporting Plaintiff's contention of a joint venture in existence between Plaintiff and Defendant at any time.

## RESPONSE TO DOCUMENT REQUEST NO. 19

Plaintiff objects to this Document Request to the extent that it is overly broad, vague and ambiguous. "At any time" is overly broad, not limited in time or scope, and exceeds the permissible scope of discovery. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to any without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control that relate to the joint venture as pled by Plaintiff in the Complaint.

## DOCUMENT REQUEST NO. 20

All documents and communications relating to or supporting Plaintiff's contention that the right to publicly use the names "Kathy Davis" and "Scatter Joy" were contributed to the joint venture between Plaintiff and Defendant at any time.

## RESPONSE TO DOCUMENT REQUEST NO. 20

Plaintiff objects to this Document Request to the extent that it is overly broad, vague, and ambiguous. "At any time" is overly broad, not limited in time or scope, and exceeds the permissible scope of discovery. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the

attorney/client privilege and/or work product doctrine. Subject to any without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control that relate to the joint venture as pled by Plaintiff in the Complaint.

## DOCUMENT REQUEST NO. 21

All documents and communications relating to or supporting Plaintiff's contention that Davis and RPG were parties to a confidential relationship at any time.

## RESPONSE TO DOCUMENT REQUEST NO. 21

Plaintiff objects to this Document Request to the extent that it is overly broad, vague and ambiguous. "At any time" is overly broad, not limited in time or scope, and exceeds the permissible scope of discovery. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine. Subject to any without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control that relate to the confidential relationship as pled by Plaintiff in the Complaint.

## DOCUMENT REQUEST NO. 22

Documents sufficient to evidence and account for the "significant investment of resources in Davis by RPG," as alleged in Paragraph 14 of the Complaint, and the investment of "substantial resources and goodwill into the launch of the Signature Collection project," as stated on pages 5 and 13 of Plaintiff's Memorandum of Law in Support of Emergency Motion for Preliminary Injunction.

## RESPONSE TO DOCUMENT REQUEST NO. 22

Plaintiff objects to this Document Request to the extent that "sufficient to evidence and account for" calls for a legal conclusion. Subject to any without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control that relate to its investment of resources in Davis and the Signature Collection project.

## DOCUMENT REQUEST NO. 23

All documents and communications relating to the negotiation, execution, amendment and/or renewal of the License Agreement alleged in Paragraph 22 of the Complaint.

## RESPONSE TO DOCUMENT REQUEST NO. 23

Plaintiff objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or

work product doctrine. Subject to and without waiving the foregoing objection, and to the extent that any such documents exist, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 24**

All communications of any kind between RPG and Monitor Clipper Partners relating to the License Agreement alleged in Paragraph 22 of the Complaint and/or the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint (or any other amendment or renewal of the License Agreement.)

**RESPONSE TO DOCUMENT REQUEST NO. 24**

Plaintiff objects to this Document Request to the extent that it is overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this Document Request would require the disclosure of documents or information protected by the attorney/client privilege and/or the work product doctrine.  Subject to any without waiving the foregoing objections, Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 25**

All agreements of any kind between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete.

**RESPONSE TO DOCUMENT REQUEST NO. 25**

Plaintiff objects to this Document Request to the extent that it is overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**DOCUMENT REQUEST NO. 26**

Documents sufficient to fully account for all "existing KDS inventory" RPG has for use during the "Sell Off Period," as those terms are set forth and/or defined in the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 26**

Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

**DOCUMENT REQUEST NO. 27**

All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to the "Permanent Branded Collection" provision set forth therein.

**RESPONSE TO DOCUMENT REQUEST NO. 27**

Plaintiff objects to this Document Request to the extent that it is overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. There is no allegation in the Complaint pertaining to the Permanent Branded Collection. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**DOCUMENT REQUEST NO. 28**

All documents and communications relating to RPG's performance under the March 22, 2006 renewal license renewal referred to in Paragraph 23 of the Complaint with respect to the provision that states that "RPG shall guarantee that at least 10 new cards shall be introduced into the RPG everyday line as firm release."

**RESPONSE TO DOCUMENT REQUEST NO. 28**

Plaintiff objects to this Document Request to the extent that it is overly broad, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. There is no allegation in the Complaint pertaining to the language quoted. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

**RESPONSE TO DOCUMENT REQUEST NO. 29**

A copy of any and all declarations, affidavits and any other statements of any kind obtained by Plaintiff or its counsel in connection with this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 29**

Plaintiff objects to this Document Request to the extent that it is overly broad, vague and ambiguous. Plaintiff further objects to the extent that the Request seeks documents or information protected by the attorney/client privilege or work product doctrine. By way of further response, Plaintiff states that Defendant is already in possession of all declarations of record in this litigation.

Dated: January 29, 2008                    RECYCLED PAPER GREETINGS, INC.,

                                By:    _____
                                       One of the Attorneys for Plaintiff


Craig R. Annunziata
Illinois Bar No. 6209487
Joel W. Rice
Illinois Bar No. 6186471
FISHER & PHILLIPS, LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Steven Manchel
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, MA  02459
(617) 796-8920

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on January 29, 2008, **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served upon:

> James Garvey, Esq.
> Vedder Price P.C.
> 222 North LaSalle Street
> Chicago, IL 60601

via hand-delivery.

Joel W. Rice