# EXHIBIT C

# VEDDERPRICE

FREDERIC T. KNAPE
312-609-7559
fknape@vedderprice.com

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

January 31, 2008

**VIA FACSIMILE AND U.S. MAIL**

Craig R. Annunziata
Joel W. Rice
Steven M. Miller
Fisher & Phillips LLP
1000 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603

Steven Manchel
Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459

Re:    Recycled Paper Greetings, Inc. v. Davis – Case No. 08 C 236

Dear Counsel:

We write pursuant to Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule 37.2 with respect to deficiencies in Recycled Paper Greetings, Inc.'s ("RPG") Responses and Objections to Defendant's First Set of Interrogatories and First Request for Production of Documents, as addressed below.

**INTERROGATORY NO. 2**

Identify the person or persons associated with Target primarily responsible for Target's relationship with Plaintiff, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

**ANSWER**

Plaintiff is in the process of compiling information responsive to this request and reserves the right to supplement this response.

**DEFICIENCY**

We request that RPG provide an immediate and complete answer to this Interrogatory. As RPG alleged in its Verified Complaint for Injunctive and Other Relief ("Complaint"), Target is one of RPG's largest customers, and a central third party with respect RPG's claim for a temporary restraining order and preliminary injunctive relief ("emergency injunctive relief"). RPG obviously knows who at Target is responsible for the relationship, including in connection

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 2

with the "Signature Collection." There is no reason other than delay for RPG to take more than a
week to "compile" this information. In this regard, the neglect to identify these persons
significantly hampers Davis' right to discover information from Target (including identity of
third party deponents) central to RPG's claim for seeking emergency injunctive relief and Davis'
defenses thereto.

## INTERROGATORY NO. 4

If different from Plaintiff's answer to Interrogatory No. 3, identify specifically and in
detail each and every piece of confidential information (and, if different, each and every trade
secret) that Plaintiff contends Defendant has possession of, has disclosed, and/or will inevitably
disclose.

## ANSWER

Defendant is in possession of the confidential information shared with her as described in
the Complaint and in Response to Interrogatory No. 3 above. Plaintiff is not aware of the extent
to which the Defendant has disclosed and/or will inevitably disclose confidential information,
which is the purpose of discovery in this matter. Plaintiff is in the process of compiling
additional information responsive to this request and reserves the right to supplement this
response.

## DEFICIENCY

RPG's answer to this Interrogatory is non-responsive. While RPG refers to the
Complaint, the Complaint merely alleges in general and vague terms that Davis "*had access to*
RPG's confidential information, including but not limited to business plans, market research,
market studies, pricing plans, personnel strategies and consumer strategies." In addition, while
RPG refers to its answer to Interrogatory No. 3, that answer refers back to the Complaint.
Moreover, the Interrogatory requests RPG to identify specifically and in detail each and every
piece of confidential information that Plaintiff contends Davis *has possession of* (not that she had
access to).

This information relates directly to RPG's claims and, more specifically, to RPG's
contention that Davis has disclosed and/or will inevitably disclose RPG's confidential
information. This information also is directly relevant to RPG's claim for a emergency
injunctive relief. Yet, nowhere in the Complaint, the answer to Interrogatory No. 3, the
Declaration of Jude Rake ("Rake Declaration") or elsewhere does RPG provide this pertinent
information. Accordingly, we request that RPG provide an immediate and complete answer to
this interrogatory.

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 3

## INTERROGATORY NO. 8

State with specificity and in detail Plaintiff's current plans with respect to the rollout of the so-called "Signature Collection," including without limitation through Target or any other retail outlet of any kind.

## ANSWER

Plaintiff objects to this Interrogatory to the extent that it is vague and ambiguous. Based on the schedule devised by Plaintiff and Defendant, Defendant has supplied all artwork for the Signature Collection to the Plaintiff, and the Plaintiff has moved forward with production of the greeting cards to be used in the collection. The next steps in the plan are to produce the cards and distribute them to retail stores. Plaintiff reserves the right to supplement this response.

## DEFICIENCY

RPG's objections to this Interrogatory are without merit because RPG nowhere states the manner in which this Interrogatory is either vague or ambiguous (especially given that this Interrogatory tracks allegations in the Complaint). Moreover, the answer is insufficient. It merely states that Davis "has supplied all artwork," that RPG has "moved forward with production of the greeting cards," and that "the next steps ... are to produce the cards and distribute them to retail stores." This answer is evasive and incomplete and, therefore, objectionable under FRCP 33(b) and 37(a).

Indeed, RPG alleges in the Complaint, and as its basis for emergency injunctive relief, that the Signature Collection is "being implemented" at Target (e.g., "RPG has committed to a major corporate customer that it would roll out [the Signature Collection] in early 2008, and shortly thereafter nationally with all of its customers" (Compl. ¶ 42)). In addition, RPG's answer to Interrogatory No. 3 expressly refers to "the terms of RPG's arrangement with its Customer, including marketing. . .", as well as the "new . . . signage devoted to the Signature Collection." Given the Complaint allegations, RPG's answer to Interrogatory No. 3, and the representations Mr. Manchel has made to the Court, including but not limited to signage at Target (also as set forth in the Declaration of Michael Keiser ¶ 5 and Rake Declaration ¶ 7), we are entitled to a detailed and specific answer in accordance with this Interrogatory. This information should include, by way of example only, the specific date in "early 2008" Target will "roll out" the Signature Collection, the length of time Target will display the Signature Collection, the locations included in the roll out, and the specific details regarding public displays featuring signage and/or other designating logos or marks to be used in the roll out (card headers, strip signs (e.g., mid-tiers)), and any other signage of any kind (e.g., perpendiculars, etc.)). In addition, this information should also include the same details concerning the national roll out.

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 4

## INTERROGATORY NO. 9

For the period January 1, 2007 to the present, identify each and every retail outlet in which there is a stand-alone or other public display featuring signage or other designating logos of marks of KDI or of Kathy Davis greeting cards, where either "Kathy Davis," "Scatter Joy" or other brands of KDI that are evident from the display without a consumer having to turn over any particular greeting card.

## ANSWER

Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, vague and ambiguous. Plaintiff is not aware of what Defendant means by "stand-along" or "other public display," nor what constitutes the "designating logos of [sic] marks of KDI or of Kathy Davis greeting cards" or "other brands of KDI." Nor is Plaintiff aware of what is or is not "evident" from a display. By way of further response, Plaintiff states that it is not aware of any public displays of "Scatter Joy" in any retail outlet.

## DEFICIENCY

RPG's objections are without merit and appear to be asserted to avoid answering this Interrogatory. Nowhere, for example, does RPG explain the manner in which this Interrogatory is "overly broad" or "unduly burdensome." In fact, given statements made by Mr. Manchel to the Court, as well as statements made in the Rake Declaration (see ¶¶ 6, 20), we do not see how RPG can contend that this Interrogatory is vague or ambiguous. Nevertheless, to clarify this Interrogatory, "stand-alone or other public display featuring signage or other designating logos of marks of KDI or of Kathy Davis greeting cards" refers to each and every retail outlet where the fact that there are Kathy Davis greeting cards is evident without the customer having to pick up and turn over a card and then read the print on the back.

In addition, to the extent RPG has answered this Interrogatory, the answer is insufficient and incomplete insofar as it only purports to "Scatter Joy." The Interrogatory, however, applies to *"Kathy Davis,"* "Scatter Joy" *or other brands of KDI."* The entirety of this Interrogatory directly pertains to RPG's claim for emergency injunctive relief based on the assertion that a collection of Kathy Davis greeting cards is confidential and/or trade secret information. As such, this Interrogatory is neither "overly broad" or "unduly burdensome," and we request that RPG provide an immediate and complete answer to this interrogatory.

## INTERROGATORY NO. 10

For the period January 1, 2007 to the present, identify each and every other artist who licenses designs or artwork to RPG in connection with the marketing and sale of greeting cards, where there is a stand-alone or other public display showcasing the artist's collection of cards, including by specifically identifying the artist without a consumer having to turn over any

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 5

particular greeting card. For each artist identified, identify each and every outlet in which such stand-alone or other displays exist during such time period.

**ANSWER**

Plaintiff objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. The information sought is beyond the permissible scope of discovery, as it does not pertain to any allegation in the Complaint. "Other artists," whatever that might mean in the context of this Interrogatory (as such term is not defined in Defendant's Interrogatories), are not the subject of the Complaint nor any allegation therein.

**DEFICIENCY**

RPG provides no answer to this Interrogatory and the objections appear only to avoid or delay an answer. First, this Interrogatory is not "beyond the scope of permissible discovery" as it specifically pertains to RPG's contention in its Complaint and Motion for Preliminary Injunction that it is entitled to injunctive relief because, among other things, the concept of a "collection" of greeting cards, or even a "collection of Kathy Davis greeting cards," is an RPG trade secret. The extent to which RPG presently or previously has publicly displayed a collection of any other greeting card artist, like Davis, impacts the viability of RPG's trade secret contention. Second, Davis is nor required to define terms and it is incredible for RPG to assert that it does not understand what is meant by way of "*other artist who licenses designs or artwork to RPG*." In this regard, we refer you to RPG's Complaint wherein it alleges that "*Davis is an artist in the business of designing and creating greeting cards*." (Compl. ¶ 9 (emphasis added); see also Rake Declaration ¶ 16.)

In short, this Interrogatory is not overly broad, unduly burdensome or irrelevant given RPG's claims in this case. Nor is it vague or ambiguous based on, among other things, the specific allegations in RPG's Complaint. Accordingly, we request that RPG provide an immediate and complete answer to this interrogatory.

**DOCUMENT REQUEST NO. 9**

For the period January 1, 2007 to the present, all correspondence and communications of any kind between Plaintiff and Target relating to their relationship.

**RESPONSE**

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 6

<u>DEFICIENCY</u>

RPG is not entitled to simply list specific objections as a basis for refusing to produce documents without fully explaining and supporting its objections. In fact, nothing in this Request is vague or ambiguous. Moreover, this request is not overly broad or unduly burdensome and does not seek irrelevant information. RPG's claims, including for emergency injunctive relief, directly relate to the Signature Collection to be "rolled out" at Target and RPG's accusations of potential harm it may incur with respect to its "relationship" with Target based on Davis' alleged misconduct. Thus, Davis is clearly entitled to discover all correspondence and communications between Plaintiff and Target relating to their relationship. Davis has limited this Request to the period January 1, 2007 to the present. In addition, we fail to see how this Request could be construed to include documents or information protected by the attorney/client privilege or work product doctrine. In any event, Davis is not seeking privileged information. However, to the extent information is withheld on any such basis, Davis requests RPG to provide a privilege log in connection therewith. Accordingly, we request RPG to withdraw its objections to this Request and provide a response indicating that it will produce responsive documents.

<u>DOCUMENT REQUEST NO. 11</u>

All documents relating to any effort by Plaintiff to create, market, sell, distribute or otherwise roll out the so-called "Signature Collection" to or through any other retail outlet of any kind, at any point in time.

<u>RESPONSE</u>

Plaintiff objects to this Document Request to the extent that "any effort," "any other retail outlet," "any kind" and "any point in time" are overly broad, unduly burdensome, vague, ambiguous and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

<u>DEFICIENCY</u>

RPG's objections are not well-founded given that RPG alleges in its Complaint that it "has committed to a major corporate customer that it would roll out [the Signature Collection] in early 2008, *and shortly thereafter nationally with all of its customers*." (Compl. ¶ 42.) Moreover, RPG's Proposed Order Granting Injunctive Relief seeks, among other things, to enjoin Davis from marketing her greeting cards in a collection "*to any store* in which RPG sells greeting cards in any manner …" For these and other reasons, this Request is not overly broad, unduly burdensome, vague or ambiguous. Rather, it seeks discoverable information limited and directly relevant to RPG's claim for injunctive relief. Here again, Davis is not seeking privileged

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 7

information.  However, to the extent information is withheld on any such basis, Davis requests RPG to provide a privilege log in connection therewith.  Accordingly, we request RPG to withdraw its objections to this Request and provide a response indicating that it will produce responsive documents.

## DOCUMENT REQUEST NO. 15

For the period January 1, 2007 to the present, documents, photographs and other materials showing or depicting RPG marketing or offering for sale a "collection" of RPG artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

## RESPONSE

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  "Other RPG artists" is vague and not defined in the Document Requests.  Further, the Request as it pertains to "other artists" has nothing to do with the allegations in the Complaint, as the Complaint is concerned solely with Davis.

## DEFICIENCY

RPG is not entitled to simply list specific objections as a basis for refusing to produce documents without fully explaining and supporting its objections.  Notably, as fully explained above with respect to RPG's objections to Interrogatory No. 10, reference to "RPG artists," including Davis, is not vague or ambiguous.  In addition, this Request is relevant to the extent RPG contends it is entitled to injunctive relief because, among other things, the concept of a "collection" of greeting cards, or even a "collection of Kathy Davis greeting cards," is an RPG trade secret.  Thus, the manner in which RPG presently or previously has publicly displayed a collection of any other greeting card artist, like Davis, impacts the viability of RPG's trade secret claim.  Finally, unlike Interrogatory No. 10, this Request refers to "RPG artists," including Davis, and we request RPG to withdraw its objections and provide a response indicating that it will produce responsive documents.

## DOCUMENT REQUEST NO. 16

All marketing, research and other documents of any kind showing any competitor of RPG marketing or offering for sale a "collection" of artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 8

## RESPONSE

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "Any competitor" and "artists" are vague and not defined in the Document Requests.

## DEFICIENCY

Here again, RPG is not entitled to simply list specific objections as a basis for refusing to produce documents without fully explaining and supporting its objections. Furthermore, Davis is not required to define terms and, as RPG has used "competitor" and "artists" in its Complaint and supporting Declarations, it is incredible for RPG to now suggest that these are "vague" terms. However, if there is any doubt, Davis intends the same meaning for these terms as used in RPG's Complaint and supporting declarations. To the extent RPG claims this Request is overly broad, unduly burdensome or irrelevant, we refer above to Interrogatory Nos. 9, 10 and Document Request 15. Accordingly, we request RPG to withdraw its objections to this Request and provide a response indicating that it will produce responsive documents.

## DOCUMENT REQUEST NO. 17

All notes taken by any person associated with RPG in connection with (including before, during and/or after) any meeting held between Plaintiff and Defendant between January 1, 2007 and the present, and all documents shown to or provided by either Plaintiff or Defendant to the other at or in relation to any such meeting, including without limitation plans, strategies, charts, diagrams, graphs, projections, and information concerning historical performance.

## RESPONSE

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. "All notes" from "any meeting" and "all documents" are overly broad and exceed the permissible scope of discovery. Plaintiff will produce non-privileged, responsive documents within its possession, custody or control upon narrowing of this Request in accordance with these objections.

## AMENDED DOCUMENT REQUEST NO. 17

All notes taken by any person associated with RPG in connection with (including before, during and/or after) any meeting held between Plaintiff and Defendant relating to the contractual and/or joint venture relationship (as alleged in the Complaint), the Signature Collection (as referred to throughout the Complaint), and/or the Permanent Branded Collection (as that provision is set forth in the March 22, 2006 license renewal) between January 1, 2007 and the present, and all documents shown to or provided by either Plaintiff or Defendant to the other at

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 9

or in relation to any such meeting, including without limitation plans, strategies, charts, diagrams, graphs, projections, and information concerning historical performance.

## DOCUMENT REQUEST NO. 25

All agreements of any kind between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete.

## RESPONSE

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

## DEFICIENCY

RPG's objections are improper and unfounded. This Request is not overly broad, unduly burdensome, vague, ambiguous or irrelevant. Davis is entitled to challenge by way of discovery RPG's allegations that it "takes all steps reasonably necessary to protect its confidential and proprietary and trade secret information from being disclosed." (Compl. ¶ 26.) This includes discovery of agreements between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete. Nothing in any such agreements can possibly encompass information subject to attorney/client privilege and/or work product doctrine. Accordingly, we request RPG to withdraw its objections to this Request and provide a response indicating that it will produce responsive documents.

## DOCUMENT REQUEST NO. 27

All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to the "Permanent Branded Collection" provision set forth therein.

## RESPONSE

Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. There is no allegation in the Complaint pertaining to the Permanent Branded Collection. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 10

### DEFICIENCY

    RPG's Complaint not only refers to the March 22, 2006 license renewal containing the "Permanent Branded Collection" provision, it attempts to plead a breach of contract claim based on that renewal. In this regard, RPG must establish that it fully performed its obligations under the renewal (including with respect to its obligation to maintain a Permanent Branded Collection for the duration of the license) in order to recover for breach of contract and demonstrate a likelihood of success on the merits. In addition, Davis is entitled to discover information pertaining to her defenses to RPG's claim for emergency injunctive relief and for damages, including with respect to RPG's breach of "Permanent Branded Collection" provision in the March 22, 2006 license renewal. (See Defendant Kathy Davis' Memorandum in Opposition to Emergency Motion for Preliminary Injunction ("Opposition Memorandum") p. 18.). In light of the foregoing, it appears that RPG's objections are intended only to delay a proper response. Accordingly, we request RPG to withdraw its objections and provide a response to this Request indicating that it will produce responsive documents.

### DOCUMENT REQUEST NO. 28

    All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to provision that states that "RPG shall guarantee that at least 10 new cards shall be introduced into the RPG everyday line as firm release."

### RESPONSE

    Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. There is no allegation in the Complaint pertaining to the language quoted. Plaintiff further objects to this Document Request to the extent that "relating to" could be construed to include documents and information protected by the attorney/client privilege and/or work product doctrine.

### DEFICIENCY

    See Document Request No. 27 above.

### DOCUMENT REQUEST NO. 29

    A copy of any and all declarations, affidavits and any other statements of any kind obtained by Plaintiff or its counsel in connection with this litigation.

### RESPONSE

    Plaintiff objects to this Document Request to the extent that it is overly broad, unduly burdensome, vague, ambiguous, irrelevant and not reasonably calculated to lead to the discovery

VEDDERPRICE

Joel W. Rice
Steven Manchel
January 31, 2008
Page 11

of admissible evidence. Plaintiff further objects to the extent that the Request seeks documents and information protected by the attorney/client privilege and/or work product doctrine. By way of further response, Plaintiff states that Defendant is already in possession of all declarations of record in this litigation.

## DEFICIENCY

RPG's response is incomplete. This Request is not limited to "declarations of record." It encompasses all "declarations, *affidavits and any other statements of any kind* obtained by Plaintiff or its counsel in connection with this litigation." Accordingly, we request that RPG confirm that it has nothing else other than the referenced "declarations of record."

## MISCELLANEOUS

Davis is entitled to complete answers to interrogatories and responses to requests for production prior to deposing RPG representatives. Davis also is entitled to complete answers and responses to enable her to subpoena documents from Target and issue deposition subpoenas to Target representatives. Accordingly, we request RPG to amend its answers to interrogatories and responses to requests for production consistent with the above no later than February 5, 2008. In addition, we request that RPG sign its interrogatory answers in accordance with FRCP 33(b)(2).

Regards,

Frederic T. Knape

FTK/pm

cc:    James V. Garvey