# EXHIBIT D

Case 1:08-cv-00236   Document 43-5   Filed 02/11/2008   Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECYCLED PAPER GREETINGS, INC., )
an Illinois corporation, )
)
plaintiff, ) Case No. 08 C 236
) Judge Elaine E. Bucklo
v. )
)
KATHY DAVIS, ) Magistrate Judge Morton Denlow
)
defendant. )

**PLAINTIFF RECYCLED PAPER GREETINGS, INC.'S
SUPPLEMENTAL RESPONSES TO DEFENDANT'S
FIRST INTERROGATORIES AND FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS**

Plaintiff Recycled Paper Greetings, Inc. serves these Supplemental Responses to Defendant's First Interrogatories and First Request for Production of Documents, as follows:

### General Responses and Objections

Plaintiff incorporates by reference as if set forth fully herein its General Responses and Objections as stated in its Responses and Objections to Defendant's First Interrogatories.

Subject to and without waiving is general objections, Plaintiff states as its Supplemental Responses the following:

### INTERROGATORY NO. 1

Identify the person or persons associated with Plaintiff primarily responsible for Plaintiff's relationship with Target, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

In addition to Noelle Shannon, the Target Product Manager who was responsible for management of the Signature Collection project, Tony Huston is the RPG sales leader for the Target account. Mike Spear is the former RPG sales leader for the same account. Stephanie Frisvold is an RPG manager who reports to Tony Huston and previously reported to Mike Spear on the Target account. Before Mike Spear, Stephanie Frisvold was the RPG leader for the Target account.

## INTERROGATORY NO. 2

Identify the person or persons associated with Target primarily responsible for Target's relationship with Plaintiff, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2

Brigitte Bennett is Target's buyer for the greeting card category. The Plaintiff has no idea what Ms. Bennett's duties and responsibilities are, as it is not her employer.

## INTERROGATORY NO. 4

If different from Plaintiff's answer to Interrogatory No. 3, identify specifically and in detail each and every piece of confidential information (and, if different, each and every trade secret) that Plaintiff contends Defendant has possession of, has disclosed, and/or will inevitably disclose.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4

The Plaintiff has indicated the nature of the confidential information to which the Defendant was privy, namely business plans, market research, market studies, pricing plans, personnel strategies and consumer strategies. See Complaint. As the Defendant is well aware, the Plaintiff shared this information with her on multiple occasions, including in August and November of 2007. Moreover, the Plaintiff has provided the Defendant with responsive documents that include slide presentations shared with Defendant that contain this confidential information. The Plaintiff is under no obligation to repeat here each and every statistic, chart and graph contained therein. Finally, the Plaintiff responds to this Interrogatory by noting that the Defendant has admitted receiving confidential information. See DAVIS 0253, in which the Defendant (or someone writing on her behalf) memorializes an August 9/10, 2007 meeting with RPG in which RPG shared with her "the RPG corporate strategy" that included "consumer research findings," "use of web-testing," "branding," and a pitch to a potential customer, among other things.

2

## INTERROGATORY NO. 8

State with specificity and in detail Plaintiff's current plans with respect to the rollout of the so-called "Signature Collection," including without limitation through Target or any other retail outlet of any kind.

## SUPPLEMENTAL RESPONSE INTERROGATORY NO. 8

Plaintiff's objection to this Interrogatory on the basis that it is vague and ambiguous is grounded in the fact that the Defendant does not define "current plans." The Defendant fails to specify whether "current" means pre-termination, post-termination, pre-litigation or post-litigation. Because of the uncertainty created by the Defendant's termination and the subsequent litigation, the Plaintiff's "plans," however defined, are unknowable. As stated previously, the Plaintiff intends to move forward with the roll-out of the Signature Collection as envisioned by the Plaintiff, the Defendant and Target prior to the Defendant's termination of her License Agreement. Whether and how that might be accomplished is the subject of this litigation.

## INTERROGATORY NO. 9

For the period January 1, 2007 to the present, identify each and every retail outlet in which there is a stand-alone or other public display featuring signage or other designating logos of [sic] marks of KDI or of Kathy Davis greeting cards, where either "Kathy Davis," "Scatter Joy" or other brands of KDI that are evident from the display without a consumer having to turn over any particular greeting card.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9

The Defendant has limited Interrogatory No. 9 by clarifying "stand-alone or other public display featuring signage or other designating logos of marks of KDI or of Kathy Davis greeting cards" to mean "each and every retail outlets where the fact that there are Kathy Davis greeting cards is evident without the customer having to pick up and turn over a card and then read the print on the back." Subject to this clarification, the Plaintiff responds by stating that it has no information as to the name, number or extent of "each and every retail outlet," if any, where Kathy Davis greeting cards are somehow self-evident as indicated in the Interrogatory. Based upon the Declaration of Peter Walts, the Plaintiff is aware that there may be some retail stores that still maintain a Sweet Nothings display of Kathy Davis greeting cards, but the Plaintiff is not aware of the number of these stores except to state that there are not many, as Sweet Nothings was a concept whose shelf life atrophied, by and large, several years ago. The Plaintiff is not aware of any other Kathy Davis "displays" aside from Sweet Nothings in retail outlets.

The Plaintiff further responds to the Defendant's objection by noting that the Defendant mischaracterizes the Plaintiff's claim for injunctive relief as "based on the assertion that a collection of Kathy Davis greeting cards is confidential and/or trade secret information." The Verified Complaint contains no such assertion.

3

### INTERROGATORY NO. 10

For the period January 1, 2007 to the present, identify each and every other artist who licenses designs or artwork to RPG in connection with the marketing and sale of greeting cards, where there is a stand-alone or other public display showcasing the artist's collection of cards, including by specifically identifying the artist without a consumer having to turn over any particular greeting card. For each artist identified, identify each and every outlet in which such stand-alone or other display exist [sic] during such time period.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10

The Plaintiff stands on its objection as stated, as the Defendant's clarification of this Interrogatory fundamentally mischaracterizes the Plaintiff's claim for injunctive relief. See Supplemental Response to Interrogatory No. 10, above. Subject to and without waiving its objections, the Plaintiff responds by stating that is not aware of a "stand-alone or other public display" for any other artist except for "FarWorks," the Far Side cards by Gary Larson.

### DOCUMENT REQUEST NO. 9

For the period January 1, 2007 to the present, identify each and every other artist who licenses designs or artwork to RPG in connection with the marketing and sale of greeting cards, where there is a stand-alone or other public display showcasing the artist's collection of cards, including by specifically identifying the artist without a consumer having to turn over any particular greeting card. For each artist identified, identify each and every outlet in which such stand-alone or other display exist [sic] during such time period.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 9

The Plaintiff stands on its objections as stated. The Plaintiff's relationship with Target is not limited to Kathy Davis and/or the Scatter Joy Signature Collection, and therefore any request which seeks "all correspondence and communications of any kind" with Target, regardless of any date restriction, is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff will produce correspondence and communications with Target, during the specified time period, that concern Kathy Davis, Scatter Joy, the Signature Collection and/or any allegation in the Verified Complaint.

### DOCUMENT REQUEST NO. 11

All documents relating to any effort by Plaintiff to create, market, sell, distribute or otherwise roll out the so-called Signature Collection to or through any other retail outlet of any kind, at any point in time.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 11

The Defendant's response to the Plaintiff's objection to this Document Request contains a fundamental mischaracterization of the relief sought by the Plaintiff, in that the Plaintiff does not seek, as alleged, "to enjoin Davis from marketing her greeting cards in a collection 'to any store in which RPG sells greeting cards in any manner...'" Subject to and without waiving its objections, the Plaintiff states that it has produced all documents in its possession responsive to this Document Request.

### DOCUMENT REQUEST NO. 15

For the period January 1, 2007 to the present, documents, photographs, and other materials showing or depicting RPG marketing or offering for sale a "collection" of RPG artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artists' name is evident without having a consumer having to turn-over a particular greeting card.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 15

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

### DOCUMENT REQUEST NO. 16

All marketing, research or other documents of any kind showing any competitor of RPG marketing or offering for sale a "collection" of artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artists' name is evident without having a consumer having to turn-over a particular greeting card.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 16

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

### DOCUMENT REQUEST NO. 17, AS AMENDED

All notes taken by any person associated with RPG in connection with (including before, during and/or after) any meeting held between Plaintiff and Defendant relating to the contractual and/or joint venture relationship (as alleged in the Complaint), the Signature Collection (as referred to throughout the Complaint), and/or the Permanent Branded Collection (as that provision is set forth in the March 22, 2006 license renewal), between January 1, 2007 and the present, and all documents shown to or provided by either Plaintiff or Defendant to the other at

5

or in relation to any such meeting, including without limitation, plans, strategies, charts, diagrams, graphs, projections, and information concerning historical performance.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 17

The Plaintiff has produced all documents in its possession responsive to the Defendant's Amended Document Request No. 17.

### DOCUMENT REQUEST NO. 25

All agreements of any kind between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 25

The Plaintiff stands on its objections as stated. The Defendant is not entitled to production of contracts or agreements between RPG and "other artists" who are not parties to this litigation. To the extent that the Defendant suggests that she is "entitled to challenge by way of discovery RPG's allegations that it 'takes all steps reasonably necessary to protect its confidential information and proprietary and trade secret information from being disclosed,'" the Plaintiff responds by stating that it has never alleged, in the Verified Complaint or otherwise, that any "other artist" received or was made privy to any of the confidential information or trade secrets that were shared with the Defendant. Moreover, there is no allegation in the Verified Complaint – with respect to the Defendant or otherwise – regarding any "covenant not to compete." Therefore, this Document Request, which seeks "terms or provisions relating to confidentiality and/or covenants not to compete" in RPG's agreements with "other artists," is not reasonably calculated to lead to the discovery of admissible evidence.

### DOCUMENT REQUEST NO. 27

All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to the "Permanent Branded Collection" provision set forth therein.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 27

The Plaintiff stands on its objections as stated. To the extent that the Defendant suggests that she "is entitled to discover information pertaining to her defenses to RPG's claim for emergency injunctive relief and for damages, including with respect to RPG's breach of 'Permanent Branded Collection' provision in the March 22, 2006 renewal," the Defendant has not filed an Answer or other responsive pleading and thus has not asserted any "defenses." While recognizing that the Defendant has a right to conduct discovery on these issues once an Answer is filed and defenses are asserted (including but not limited to the Counterclaim which was filed subsequent to the service of Document Requests and responses thereto), the Plaintiff states that it believes that it has produced all documents in its possession responsive to this

request in its initial production. The Plaintiff reserves the right to supplement this Response if it discovers additional responsive documents.

### RESPONSE TO DOCUMENT REQUEST NO. 29

A copy of any and all declarations, affidavits and any other statements of any kind obtained by Plaintiff or its counsel in connection with this litigation.

### SUPPLEMENTAL RESPONSE TO DOCUMENT REQUEST NO. 29

The Plaintiff stands on its objections as stated. The Plaintiff is not obligated to produce any "declarations, affidavits and any other statements of any kind" that are protected by the attorney/client privilege and/or work product doctrine. To be clear, the Plaintiff is not in possession of any such declarations, affidavits or statements aside from those already produced in the litigation.

Dated: February 5, 2008

RECYCLED PAPER GREETINGS, INC.,

By: _____
One of the Attorneys for Plaintiff

Craig R. Annunziata
Illinois Bar No. 6209487
Joel W. Rice
Illinois Bar No. 6186471
FISHER & PHILLIPS, LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Steven Manchel
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459
(617) 796-8920

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on February 5, 2008, **PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was served upon:

> James Garvey, Esq.
> Frederic Knape, Esq.
> Vedder Price P.C.
> 222 North LaSalle Street
> Chicago, IL 60601

via facsimile and first-class U.S. Mail.

_____
Joel W. Rice