# EXHIBIT E

**VEDDERPRICE**

FREDERIC T. KNAPE
312-609-7559
fknape@vedderprice.com

VEDDER PRICE P.C.
222 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60601
312-609-7500
FAX: 312-609-5005

CHICAGO • NEW YORK CITY • WASHINGTON, DC • ROSELAND, NJ

February 7, 2008

**VIA FACSIMILE AND U.S. MAIL**

Craig R. Annunziata
Joel W. Rice
Steven M. Miller
Fisher & Phillips LLP
1000 Marquette Building
140 South Dearborn Street
Chicago, Illinois 60603

Steven Manchel
John K. Wells
Manchel & Brennan, P.C.
199 Wells Avenue, Suite 301
Newton, Massachusetts 02459

Re:   Recycled Paper Greetings, Inc. v. Davis – Case No. 08 C 236

Dear Counsel:

Recycled Paper Greetings, Inc. ("RPG") initiated this action and is seeking preliminary injunctive relief for which the Court has allowed expedited discovery. To that end, Defendant Kathy Davis ("Davis") has served specific and narrowly tailored interrogatories and document requests. As detailed in our January 31, 2007 letter, RPG's answers to Davis's First Interrogatories and responses to First Request for Production of Documents do not provide the requested information material to RPG's claim for injunctive relief. Many of RPG's supplemental responses fare no better as they do not address a number of the deficiencies previously raised by Davis. Nor has RPG produced *any* documents responsive to many of Davis's document requests. Accordingly, we again write pursuant to Federal Rule of Civil Procedure ("FRCP") 37 and Local Rule 37.2, as addressed below.

**INTERROGATORY NO. 2**

Identify the person or persons associated with Target primarily responsible for Target's relationship with Plaintiff, including in connection with the so-called "Signature Collection." For each person identified, state such person's duties and responsibilities vis-à-vis the relationship.

CHICAGO/#1744872.1

VEDDERPRICE

Joel W. Rice
John K. Wells
February 7, 2008
Page 2

### SUPPLEMENTAL ANSWER

Brigitte Bennett is Target's buyer for the greeting card category. The Plaintiff has no idea what Ms. Bennett's duties and responsibilities are, as it [sic] is not her employer.

### DEFICIENCY

This supplemental answer is incomplete. While RPG indicates that Ms. Bennett is "Target's buyer for the greeting card category," it does not state whether she is the person "responsible for Target's relationship with RPG" and, more importantly, responsible "in connection with the Signature Collection." This supplemental answer also is evasive given that RPG identifies only a single individual at Target while previously claiming that it was "*in the process of compiling information responsive to this request*." These deficiencies are compounded by the fact that, despite specific document requests, RPG has not produced any documents between it and Target relating to their business relationship, the Signature Collection or any of the other allegations in the Complaint. (See Defendants First Request for Production of Documents Nos. 2, 7, 9 and 10.) Accordingly, we request that RPG provide a complete answer to this Interrogatory.

### INTERROGATORY NO. 4

If different from Plaintiff's answer to Interrogatory No. 3, identify specifically and in detail each and every piece of confidential information (and, if different, each and every trade secret) that Plaintiff contends Defendant has possession of, has disclosed, and/or will inevitably disclose.

### SUPPLEMENTAL ANSWER

The Plaintiff has indicated the nature of the confidential information to which the Defendant was privy, namely business plans, market research, market studies, pricing plans, personnel strategies and consumer strategies. See Complaint. As the Defendant is well aware, the Plaintiff shared this information with her on multiple occasions, including in August and November of 2007. Moreover, the Plaintiff has provided the Defendant with responsive documents that include slide presentations shared with Defendant that contain this confidential information. The Plaintiff is under no obligation to repeat here each and every statistic, chart and graph contained therein. Finally, the Plaintiff responds to this Interrogatory by noting that the Defendant has admitted receiving confidential information. See DAVIS 0253, in which the Defendant (or someone writing on her behalf) memorializes an August 9/10, 2007 meeting with RPG in which RPG shared with her "the RPG corporate strategy" that included "consumer research findings," "use of web-testing," "branding," and a pitch to a potential customer, among other things.

CHICAGO/#1744872.1

VedderPrice

Joel W. Rice
John K. Wells
February 7, 2008
Page 3

**DEFICIENCY**

RPG's supplemental answer to this Interrogatory is non-responsive. While RPG continues to assert what it contends was *disclosed* to Davis, RPG does not indicate what, if any, confidential or trade secret information that it contends Davis "has *possession* of." Again, this information relates directly to RPG's claim for preliminary injunctive relief and, more specifically, to RPG's unsupported assertion that Davis has disclosed and/or will inevitably disclose RPG's confidential information.

**INTERROGATORY NO. 8**

State with specificity and in detail Plaintiff's current plans with respect to the rollout of the so-called "Signature Collection," including without limitation through Target or any other retail outlet of any kind.

**SUPPLEMENTAL ANSWER**

Plaintiff's objection to this Interrogatory on the basis that it is vague and ambiguous is grounded in the fact that the Defendant does not define "current plans." The Defendant fails to specify whether "current" means pre-termination, post-termination, pre-litigation or post-litigation. Because of the uncertainty created by the Defendant's termination and the subsequent litigation, the Plaintiff's "plans," however, defined, are unknowable. As stated previously, the Plaintiff intends to move forward with the roll-out of the Signature Collection as envisioned by the Plaintiff, the Defendant and Target prior to the Defendant's termination of her License Agreement. Whether and how that might be accomplished is the subject of this Litigation.

**DEFICIENCY**

This Interrogatory relates specifically to RPG's claim for preliminary injunctive relief. Yet, like its answer, RPG's supplemental answer is evasive and incomplete to the extent it provides no specific or detailed information with respect to the rollout of the Signature Collection. The inadequacy of the answer and supplemental answer is compounded by the fact that, despite specific document requests, RPG has not produced any documents between it and Target relating to the rollout of the Signature Collection. (See Defendants First Request for Production of Documents Nos. 2, 7, 9 and 10.)

To avoid any claimed vagueness or ambiguity, this Interrogatory's use of "current plans" means the pre-termination plan as of December 2007 (as well as the post-termination plan to the extent it is different or has changed for any reason) to rollout the Signature Collection through Target or any other retail outlet of any kind. As previously requested, and consistent with this clarification, this information should include, by way of example only, the specific date in "early 2008" Target will "roll out" the Signature Collection, the length of time Target will display the Signature Collection, the locations included in the roll out, and the specific details regarding public displays featuring signage and/or other designating logos or marks to be used in the roll

**VedderPrice**

Joel W. Rice
John K. Wells
February 7, 2008
Page 4

out (card headers, strip signs (<u>e.g.</u>, mid-tiers)), and any other signage of any kind (<u>e.g.</u>, perpendiculars, etc.)). In addition, this information should also include the same details concerning the national roll out.

### DOCUMENT REQUEST NO. 9 (AND REQUESTS NOS. 2, 7 AND 10)

For the period January 1, 2007 to the present, all correspondence and communications of any kind between Plaintiff and Target relating to their relationship.

### SUPPLEMENTAL RESPONSE

The Plaintiff stands on its objections as stated. The Plaintiff's relationship with Target is not limited to Kathy Davis and/or the Scatter Joy Signature Collection, and therefore any request which seeks "all correspondence and communications of any kind" with Target, regardless of any date restriction, is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff will produce correspondence and communications with Target, during the specified time period, that concern Kathy Davis, Scatter Joy, the Signature Collection and/or any allegation in the Verified Complaint.

### DEFICIENCY

To date, RPG has not produced any "correspondence [or] communications with Target ... that concern Kathy Davis, Scatter Joy, the Signature Collection and/or any allegation in the Complaint." In fact, in addition to this Request, RPG has not produced any documents responsive to Requests Nos. 2, 7 and 10 which all relate to Target's rollout of the Signature Collection.[1] Accordingly, in addition to complying with Requests Nos. 2, 7 and 10, we request that RPG produce "all correspondence and communications with Target, during the specified time period, that concern Kathy Davis, Scatter Joy, the Signature Collection and/or any allegation in the Complaint."

### DOCUMENT REQUEST NO. 11

All documents relating to any effort by Plaintiff to create, market, sell, distribute or otherwise roll out the so-called "Signature Collection" to or through any other retail outlet of any kind, at any point in time.

### SUPPLEMENTAL RESPONSE

The Defendant's response to the Plaintiff's objection to this Document Request contains a fundamental mischaracterization of the relief sought by Plaintiff, in that the Plaintiff does not seek, as alleged, "to enjoin Davis from marketing her greeting cards in a collection 'to any store

---

[1] While Plaintiff indicated it would produce responsive documents, it has not produced any documents in response to Requests Nos. 2, 7 and 10.

CHICAGO/#1744872.1

VedderPrice

Joel W. Rice
John K. Wells
February 7, 2008
Page 5

in which RPG sells greeting cards in any manner ...'" Subject to and without waiving its objections, the Plaintiff states that it has produced all documents in its possession responsive to this Document Request.

**DEFICIENCY**

The information requested through this Request is relevant to RPG's claim to injunctive relief based on trade secret misappropriation. Yet, RPG has not produced any documents responsive to this Request except for RPG 1463-1465. Accordingly, we request RPG to produce all documents responsive to this Request (including, but not limited to, all responsive documents pertaining to Cost Plus). In addition, we request that RPG produce the omitted page 11 of the email trail appearing on RPG 1689-1690.

**DOCUMENT REQUEST NO. 15**

For the period January 1, 2007 to the present, documents, photographs and other materials showing or depicting RPG marketing or offering for sale a "collection" of RPG artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

**SUPPLEMENTAL RESPONSE**

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

**DEFICIENCY**

Davis fails to see how RPG can stand on its unsupported objection that this Request is overly broad and unduly burdensome when RPG now asserts that "*it does not appear to be in possession of any documents responsive to this Document Request.*" In addition, our January 31, 2007 letter fully explained how "RPG artists [including Davis]" is neither vague nor ambiguous based on the Complaint allegations wherein RPG refers to Davis as an "artist in the business of designing and creating greeting cards." (Compl. ¶ 9.) Finally, the manner in which RPG presently or formerly publicly displayed a collection of any other greeting card artist, including Davis, is directly relevant to RPG's trade secret claim. Accordingly, we again request RPG to withdraw its list of objections to this Request and produce responsive documents.

**DOCUMENT REQUEST NO. 16**

All marketing, research and other documents of any kind showing any competitor of RPG marketing or offering for sale a "collection" of artists' greeting cards, including showing cards arranged in a stand-alone or other public display where the artist's name is evident without a consumer having to turn-over a particular greeting card.

CHICAGO/#1744872.1

VedderPrice

Joel W. Rice
John K. Wells
February 7, 2008
Page 6

### SUPPLEMENTAL RESPONSE

The Plaintiff stands on its objections as stated. Subject to and without waiving its objections, the Plaintiff states that it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.

### DEFICIENCY

As we indicated in our January 31, 2007 letter, RPG is not entitled to simply list specific objections as a basis for refusing to produce documents without fully explaining and supporting those objections. In addition, Davis fails to see how RPG can stand on its unsupported objection that this Request is overly broad and unduly burdensome when RPG now asserts that "*it does not appear to be in possession of any documents responsive to this Document Request during the time period stated.*" This Request does not even state a time period. We previously explained in detail and clarified any purported ambiguity or vagueness with respect to "competitor" and "artist," and how this request, like Request No. 15 (and certain interrogatories), seeks relevant information pertaining to RPG's trade secret claim. Accordingly, we again request RPG to withdraw its list of objections to this Request and produce responsive documents.

### DOCUMENT REQUEST NO. 25

All agreements of any kind between RPG and any of its artists containing terms or provisions relating to confidentiality and/or covenants not to compete.

### SUPPLEMENTAL RESPONSE

The Plaintiff stands on its objections as stated. The Defendant is not entitled to production of contracts or agreements between RPG and "other artists" who are not parties to this litigation. To the extent that the Defendant suggests that she is "entitled to challenge by way of discovery RPG's allegations that it 'takes all steps reasonably necessary to protect its confidential information and proprietary and trade secret information from being disclosed,'" the Plaintiff responds by stating that it has never alleged, in the Verified Complaint or otherwise, that any "other artist" received or was made privy to any of the confidential information or trade secrets that were shared with the Defendant. Moreover, there is no allegation in the Verified Complaint – with respect to the defendant or otherwise – regarding any "covenants not to compete." Therefore, this Document Request, which seeks "terms and provisions relating to confidentiality and/or covenants not to compete" in RPG's agreements with "other artists," is not reasonably calculated to lead to discovery of admissible evidence.

**VEDDERPRICE**

Joel W. Rice
John K. Wells
February 7, 2008
Page 7

### DEFICIENCY

RPG's objections are unsupportable. Davis is entitled to challenge by way of discovery RPG's allegations that it "takes all steps reasonably necessary to protect its confidential and proprietary and trade secret information from being disclosed." (Compl. ¶ 26.) One factor which Court's routinely consider to determine reasonable measures in a given case is whether the party asserting a trade secret claim utilizes confidentiality agreements in its business dealings. Moreover, it makes no difference for purposes of discovery whether any other RPG artist received the same information which RPG contends it disclosed to Davis. To the extent RPG suggests that this information is sensitive, the parties have agreed to a protective order under which RPG can appropriately designate responsive documents. Accordingly, we again request RPG to withdraw its objections to this Request and produce responsive documents.

### DOCUMENT REQUEST NO. 26

Documents sufficient to fully account for all "existing KDS inventory" RPG has for use during the "Sell Off Period," as those terms are set forth and/or defined in the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint.

### RESPONSE

Plaintiff will produce non-privileged, responsive documents within its possession, custody or control.

### DEFICIENCY

RPG has not produced any documents responsive to this Request and we request RPG to immediately do so.

### DOCUMENT REQUEST NO. 27

All documents and communications relating to RPG's performance under the March 22, 2006 license renewal referred to in Paragraph 23 of the Complaint with respect to the "Permanent Branded Collection" provision set forth therein.

### SUPPLEMENTAL RESPONSE

The Plaintiff stands on its objections as stated. To the extent that the Defendant suggests that she "is entitled to discovery information pertaining to her defenses to RPG's claim for emergency injunctive relief and for damages, including with respect to RPG's breach of the 'Permanent Branded Collection' provision in the March 22, 2006 renewal," the Defendant has not filed an Answer or other responsive pleading and thus has not asserted any "defenses." While recognizing that the Defendant has a right to conduct discovery on these issues once an answer is filed and defenses are asserted (including but not limited to the Counterclaim which was filed subsequent to the service of Document Requests and responses thereto), the Plaintiff

**VEDDERPRICE**

Joel W. Rice
John K. Wells
February 7, 2008
Page 8

states that it believes that it has produced all documents in its possession responsive to this request in it is initial production. The Plaintiff reserves the right to supplement this Response if it discovers additional responsive documents.

**DEFICIENCY**

Davis need not file an answer and/or affirmative defenses prior to obtaining discovery with respect to RPG's likelihood of success on the merits of its breach of contract claim. In fact, the Court's February 1, 2008 Memorandum Opinion and Order (at p. 20) recognized the relevance of this same information at this juncture of the case. Moreover, in light of her motion to dismiss, Davis is not required to file an answer or affirmative defenses before she can obtain discovery relevant to defending against preliminary or any other emergency injunctive relief. Regardless, as RPG acknowledges, Davis has filed a Counterclaim alleging, among other things, breach of contract with respect to the Permanent Branded Collection provision in the March 22, 2006 license renewal. This Counterclaim was served on RPG prior to RPG providing its Supplemental Responses. Accordingly, we again request RPG to withdraw its objections to this Request and produce responsive documents.

Davis is entitled to the information requested herein prior to deposing RPG representatives and also to enable her to issue appropriate subpoenas to Target and other potential third parties. As we previously requested, Davis also is entitled to sworn answers to interrogatories (and any supplemental or amended answers) in accordance with FRCP 33(b)(2). Accordingly, we would like to schedule a telephone conference for February 8, 2008 at 1:30 CST to attempt to resolve these outstanding discovery issues.

Regards,

Frederic T. Knape

FTK/pm

cc:   James V. Garvey

CHICAGO/#1744872.1