IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois Corporation, | |
| Plaintiff/Counterdefendant, | No. 08 C 236 |
| v. | Judge Elaine B. Bucklo |
| KATHY DAVIS, | Magistrate Judge Morton Denlow |
| Defendant/Counterplaintiff. | |

**DEFENDANT KATHY DAVIS' MOTION TO MAINTAIN DESIGNATION
OF CERTAIN DOCUMENTS AND INFORMATION AS "CONFIDENTIAL–
ATTORNEY EYES ONLY"**

As and for her Motion to Maintain Designation of Certain Documents and Information as "Confidential–Attorney Eyes Only" pursuant to Federal Rule of Civil Procedure 26(c) and the parties' Stipulated Confidentiality Agreement and Protective Order ("Protective Order") dated January 30, 2008, Defendant/Counterplaintiff, Kathy Davis ("Davis"), states as follows:

1.  Davis and Plaintiff/Counterdefendant, Recycled Paper Greetings, Inc. ("RPG"), stipulated and agreed to the Protective Order attached hereto as **Exhibit A**.[1] The Protective Order allows any party or third-party to designate highly sensitive "Confidential" information as "Confidential–Attorney Eyes Only." (Protective Order ¶ 5.)[2]

---

[1] The parties submitted the Protective Order for the Court's consideration on January 30, 2008. As of this date, it does not appear that the Court has entered the Protective Order. Nonetheless, in light of the parties' efforts relating to "expedited" discovery, the parties have agreed to be bound by the Protective Order pending the Court's determination as to its entry.

[2] "Confidential" information includes (i) non-public and confidential financial data, (ii) proprietary product and operational information, or (iii) other sensitive personal or financial information; the disclosure of which would create a substantial risk of harm to the commercial or privacy interests of the designating part. (Protective Order ¶ 3.)

2. In the event of a dispute with respect to the designation of information as "Confidential–Attorney Eyes Only," the parties are to attempt in good faith to resolve the dispute without involving the Court. (Id. ¶ 12.) If the parties are unable to do so, the designating party – in this case Davis – must seek formal application with the Court to request that the designated information remain "Confidential–Attorney Eyes Only." (Id.)

3. The only documents and information designated as "Confidential–Attorney Eyes Only" by Davis relate to the proposed terms and financial arrangements of a license agreement she is negotiating with American Greetings Corporation ("American Greetings") to sell her designs and artwork for greeting cards and other related social expression products. These proposed terms and financial arrangements contain highly sensitive and proprietary business information.

4. Both Davis and American Greetings have been negotiating the economic terms of their deal with a reasonable expectation of confidentiality, and the disclosure of this information would cause significant harm to their respective competitive advantages. In fact, as RPG acknowledges, American Greetings is one of its "two main competitors" in the greeting card industry (Verified Complaint for Injunctive and Other Relief ¶ 7), and the disclosure of the proposed terms and financial arrangements would cause harm outweighing any purported benefit to RPG, which has no litigation need to this information beyond its attorneys' eyes.

5. Under these circumstances, limited disclosure for "attorney eyes only" strikes the proper balance between the designating party's confidentiality interests and a competitor's alleged need for access to the information. Autotech Tech. P'ship v. Automationdirect.com, Inc., 235 F.R.D. 435, 446 (N.D. Ill. 2006) (granting protective order to limit disclosure of customer list only to attorneys); see also Fieldturf Int'l, Inc. v. Triexe Mgt. Group, Inc., No. 03 C 3512,

2004 WL 866494, at *3 (N.D. Ill. Apr. 16, 2004) (recognizing that disclosure of confidential financial information to a competitor may cause a party great harm and, therefore, limiting disclosure of such information on an outside counsel "attorneys' eyes only" basis); Aspen v. King World Prod. Corp., 00 C 6868, 2001 WL 1403001, at *5 (N.D. Ill. Nov. 9, 2001) (subjecting net worth information to "attorneys' eyes only").

6.   RPG does not dispute that there is good cause to warrant Davis' designations.[3] Rather, RPG's counsel contends that it is now necessary to disclose the proposed terms and financial arrangements between Davis and American Greetings to their client because of deposition testimony from one witness for Davis indicating that, in his view, the economic terms are "standard" in the greeting card industry. (A true and correct copy of RPG's counsel's email and attached letter dated 2/6/08 are attached hereto as **Exhibit B**.)

7.   Whether the economic terms are standard is not relevant to any claim or defense in this case. In fact, despite repeated requests, RPG's counsel refuses to identify the specific terms and conditions that they would like to disclose to their client or explain how those terms and conditions are relevant to any claim or defense. (True and correct copies of Davis' counsel's emails dated 2/4/08 and 2/11/08 are attached hereto as **Group Exhibit C**.)

8.   RPG's counsel also suggests that it is necessary to disclose the proposed terms and financial arrangements between Davis and American Greetings to evaluate whether the license will include the 60 greeting cards that comprised the Signature Collection. (Exhibit B.) RPG is wrong.

---

[3] RPG has taken the position that its agreements with other greeting card artists are highly confidential, and has refused to even produce such those agreements. (See Response and Supplemental Response to First Document Request No. 25.)

9. First, the license agreement is a draft document which the parties continue to negotiate, including with respect to the greeting cards to be included under the license. Second, RPG's counsel, together with any industry expert retained by RPG if necessary, are well-equipped to read the draft license agreement to make any such assessment. Counsel need only review the grant of license provision in Section I and the artwork and licensed products set forth in Schedules A and B. Third, while Davis previously misunderstood whether American Greetings had been informed that the so-called "Signature Collection" of 60 greeting cards would not be included in the license, she has made it clear throughout this case that those cards will not be licensed to American Greetings for use during calendar year 2008.

10. For many of these same reasons, a district court for the Northern District of Ohio quashed a subpoena issued by RPG to American Greetings seeking, among other things, the same information which Davis has produced and designated "Confidential–Attorney Eyes Only." In doing so, the court concluded that "disclosure [of such confidential and privileged information] could … result in significant harm to American Greetings." Recycled Paper Greetings, Inc. v. Kathy Davis, No. 1:08-MC-13, pp. 6-7 (N.D. Ohio Feb. 13, 2008) (attached hereto as **Exhibit D**). The court also emphasized that "[t]he overly broad and intrusive nature of these subpoena requests are not cured by Plaintiff RPG's claim that the movant can merely sign a proposed confidentiality order to ensure that the materials remain for 'Attorneys' Eyes Only.'" Id. at p. 7.

11. At a minimum, the financial arrangements of the license agreement have absolutely no bearing on the greeting cards included under the license and should not be disclosed under any circumstances.

12.     The documents and information which RPG's counsel seeks to disclose to their client are DAVIS 0032-47, 48-50, 517-530, 544-558, 1596-1622 and 1624-1648.  If necessary, Davis will make these documents available to the Court for in camera inspection.

**WHEREFORE**, Davis respectfully requests the Court to grant this motion, maintain Davis' Confidential–Attorney Eyes Only" designations with respect to the documents and information challenged by RPG, and award such other relief as the Court deems appropriate.

DATED:  February 15, 2008                           Respectfully submitted,

                                                    **KATHY DAVIS**

James V. Garvey
Frederic T. Knape
Vedder Price P.C.                                   By:__s/James V. Garvey_____
222 North LaSalle Street                                   One of Her Attorneys
Suite 2600
Chicago, Illinois 60601-1003
T: (312) 609-7500
F: (312) 609-5005