# EXHIBIT A

**From:** JIM GARVEY
**To:** Proposed_Order_Bucklo@ilnd.uscourts.gov
**Date:** 1/30/2008 3:03:36 PM
**Subject:** Recycled Paper Greetings, Inc. v. Kathy Davis--Case No. 08 C 236--Proposed Stipulated Confidentiality Agreement and Protective Order

The attached proposed Stipulated Confidentiality Agreement and Protective Order is hereby submitted by counsel for Defendant Kathy Davis, but jointly on behalf of both parties who have, through their counsel, stipulated as to form and content of the proposed order.

Thank you.

**CC:** cannunziata@laborlawyers.com; jrice@laborlawyers.com; KNAPE, FREDERIC; smanchel@manchelbrennan.com; smiller@laborlawyers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>KATHY DAVIS,<br><br>Defendant. | No. 08 C 236<br><br>Judge Bucklo<br><br>Magistrate Judge Denlow |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

This Matter coming before the Court on the parties' joint motion for an order of protection pursuant to Rule 26(c) of the Federal Rule of Civil Procedure and in accordance with the Court's Case Management Procedures, due notice having been given and the Court being fully advised:

WHEREAS, the parties to the above-captioned action are engaged in discovery proceedings, which may include, among other things, taking depositions and producing documents for inspection and copying;

WHEREAS, the parties are engaged in proprietary activities which could be jeopardized if non-public financial data, business strategies, product or operational information or other sensitive confidential information or documents were disclosed publicly or beyond the confines of litigation;

WHEREAS, these discovery proceedings necessarily involve the production of certain information which will include non-public financial data, business strategies, product or

CHICAGO/#1741317.3

operational information or other sensitive confidential information that should not be disclosed publicly or beyond the confines of litigation; and

WHEREAS, the entry of this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") will promote the fair and expeditious resolution of the matter.

IT IS HEREBY ORDERED that if, pursuant to proceedings in this action, any party or third-party in this case ("designating party"), produces information, whether informally or in response to oral examination, written interrogatories, request for admission, request for production of documents or otherwise, which it claims to include trade secret or confidential information, the following procedures shall be followed.

1. All documents, materials, depositions or other testimony, interrogatory answers, responses to requests for admissions, and/or other information which contains or comprises any trade secrets, confidential, business, proprietary or non-public information (collectively referred to hereafter as "Information") produced by a designating party to or for any other party shall be governed by this Protective Order.

2. Any Information produced by a designating party as part of discovery in this action may be used only for purposes of this litigation and shall not be used for any business, competitive or other purpose. Nothing in this Protective Order applies to a party's use of its own Information for any purpose.

3. Any Information produced by a designating party as part of discovery in this action may be designated by such party as "Confidential" by so marking the Information if the Information contains (i) non-public and confidential financial data, (ii) proprietary product and operational information, or (iii) other sensitive personal or financial information; the disclosure of which would create a substantial risk of harm to the commercial or privacy interests of the designating part. Notwithstanding the foregoing, "Confidential" Information shall not mean

- 2 -

CHICAGO/#1741317.3

Information produced or disclosed that is or becomes, without violating this Protective Order, and apart from production or disclosure in connection with litigation, a matter of public record or publicly available by law or otherwise.

  4. Absent a specific order by the Court, once Information has been designated as "Confidential," it shall not be disclosed to anyone except the following:

   (a) Outside and in-house counsel representing the parties, including their regular and temporary employees, and agents and contractors of counsel representing the parties to the extent reasonably necessary to assist counsel in the conduct of this action;

   (b) The parties, including employees and agents of any party who are reasonably necessary to assist counsel in the conduct of this action;

   (c) Experts or consultants assisting counsel for any party pursuant to paragraph 8 below;

   (d) The Court, judicial or administrative employees and stenographic and video reporters in connection with proceedings between the parties pursuant to paragraph 11 below;

   (e) Witnesses or potential witnesses in deposition or at trial, if counsel in good faith believes that the disclosure is necessary for the prosecution and/or defense of this action; and

   (f) Such other persons as the parties' counsel may agree in writing.

  5. A designating party also may designate highly sensitive "Confidential" Information as "Confidential–Attorney Eyes Only" by so marking the Information.

  6. Absent a specific order by the Court, Information designated as "Confidential–Attorney Eyes Only" may be disclosed only to the persons listed in paragraphs 4(a), 4(c), 4(d), 4(e) and 4(f) above; provided, however, that Information designated as "Confidential-Attorney Eyes Only" may be shown to any person when it is indicated on the face of any document in question that the witness or prospective witness is the author, recipient or intended recipient of the document.

7. Any deposition or portion thereof during which Information designated as "Confidential", or during which Information designated as "Confidential-Attorney Eyes Only", is being disclosed by any party shall be taken as if in camera without any persons in attendance other than the deposition witness, and those identified in paragraph 4 (for "Confidential" Information) or paragraph 6 (for "Confidential-Attorney Eyes Only" Information). The court reporter shall be provided with a copy of this Stipulated Confidentiality Agreement and Protective Order.

8. Any designating party producing Information in a deposition may, on the record of the deposition or by written notice to counsel for all parties not later than 7 days after receipt of a deposition transcript, designate portions thereof as "Confidential" or "Confidential–Attorney Eyes Only" under the terms of this Protective Order. During the 7-day period, all transcripts and the Information contained therein will be deemed to be "Confidential–Attorney Eyes Only" in their entirety. After the 7-day period, only those portions of a transcript designated "Confidential" or "Confidential–Attorney Eyes Only" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" and/or "Confidential–Attorney Eyes Only," as the case may be, on the cover thereof and, if and when filed with the Court, in whole or in part, shall be filed under seal pursuant to Paragraphs 13 thru 16.

9. The procedure for having a non-testifying consultant, or testifying expert or other third party approved for access to Information designated "Confidential" or "Confidential–Attorney Eyes Only" shall be as follows:

    (a) In the case of a non-testifying consultant, counsel for the party on whose behalf said consultant has been retained shall prior to disclosure (i) obtain a written acknowledgment, signed by the non-testifying consultant, in the form attached hereto as Exhibit A, and (ii) keep the original of such acknowledgment in counsel's files. If the non-testifying consultant to

- 4 -

whom a party desires to produce Information designated "Confidential" or "Confidential–Attorney Eyes Only" cannot or will not make each of the representations contained in the acknowledgment and counsel still wishes to retain said person on a non-testifying basis, then, prior to producing any such Information to said non-testifying consultant, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

(b) In the case of a testifying expert who has been retained or other third party, counsel for the party who wishes to disclose Information designated "Confidential" or "Confidential–Attorney Eyes Only" to such persons shall (i) obtain a written acknowledgment, signed by the testifying expert or other third party, in the form attached hereto as Exhibit A, and (ii) keep the original of such acknowledgment in counsel's files. If the testifying expert or other third party to whom a party desires to produce Information designated "Confidential" or "Confidential–Attorney Eyes Only" cannot or will not make each of the representations contained in the acknowledgment and counsel still wishes to retain said person on a testifying or other basis, then, prior to producing any such Information to said testifying expert or other third party, counsel must follow the procedure set forth in subparagraphs (c) and (d) hereof.

(c) Within ten days of receipt of notice from counsel that a proposed non-testifying consultant, testifying expert or other third person cannot or will not execute an acknowledgment hereunder, the designating party may object to the person proposed for approval. Failure to object within ten days to a person proposed shall be deemed approval, but shall not preclude any subsequent objection to continued access where facts suggesting a basis for objection are subsequently learned by the objecting party or its counsel.

(d) If the designating party so objects, that person or entity and the requesting party shall, within five days from the date of written notice of objection, confer and attempt to resolve the dispute. If the participants cannot resolve the dispute, or if the conference does not take place, then within fifteen days from the date of written notice of objection, the designating party may make an appropriate application to the Court, to be kept under seal, requesting that access to the Information be restricted as proposed by the designating party. The burden will be on the person or entity objecting to disclosure to show that the Information involved is either a trade secret, or confidential business or proprietary information the disclosure of which would be harmful to the commercial or privacy interests of the designating party. If this burden is met, the Court must balance the need for the specific disclosure against the claim of injury resulting therefrom. The parties agree that the expense and/or cost involved in hiring an independent, outside consultant shall not be considered a reason supporting a request for disclosure pursuant to this paragraph 8(d).

(e) Neither party is required to produce to opposing counsel a copy of any acknowledgement signed by a testifying expert prior to the time set for disclosing expert witnesses pursuant to the Federal Rules of Civil Procedure and any Discovery Plan stipulated by the parties and/or entered by the Court.

(f) The following persons need not sign the written acknowledgement: (i) any party's counsel or that counsel's staff; (ii) the Court, judicial or administrative employees and stenographic and video reporters; and (iii) witnesses at trial.

10. All Information designated as "Confidential" or "Confidential–Attorney Eyes Only" shall be kept in facilities reasonably secure so as to prohibit access to such Information to persons not entitled to it subject to the limitations of paragraphs 4, 6 and 9 of this Protective Order.

11. Whenever any Information designated "Confidential" or "Confidential–Attorney Eyes Only" is introduced or elicited at a deposition, the Information so designated shall be utilized so that only those persons authorized hereunder to have access to such matters shall be present.

12. In the event of a dispute with respect to the designation of any discovery material as "Confidential" or "Confidential–Attorney Eyes Only," counsel shall endeavor in good faith to resolve their dispute by extrajudicial means, and shall do so within five days of written notice of a dispute being raised by any party. If, after an attempt to resolve the dispute by extrajudicial means, the parties are unable to resolve the dispute, then the designating party may, within fifteen days of written notice of a dispute being raised by any party, make a formal application to the Court in accordance with the Court's procedures to request the specifically designated information remain protected from disclosure under the protections afforded to information designated "Confidential" or "Confidential–Attorney Eyes Only." If the designating party makes such application to the Court, the information in dispute shall remain protected from any

disclosure that is not permitted hereunder for material designated "Confidential" or "Confidential–Attorney Eyes Only" until a conclusive determination is made by the Court, as to whether the information designated "Confidential" or "Confidential–Counsel Eyes Only" shall be maintained. Any party hereto may seek relief from, or modification of, this Protective Order, and may challenge the designation of any document, thing or testimony as "Confidential" or "Confidential–Counsel Eyes Only." If the designating party make no such application to the Court, the information in dispute may be used in the manner proposed by the non-designating party.

13.   Any party seeking to file with the Court any documents or exhibits containing or derived from Information designated "Confidential" or "Confidential–Counsel Eyes Only" must seek to do so under seal in accordance with the Court's procedures and, if necessary, by filing a motion for leave to do so and/or demonstrating good cause.

14.   Nothing herein, including but not limited to the absence of demonstrating good cause for filing under seal, shall prevent a party from presenting to the Court for in camera review and inspection any documents or exhibits containing Information designated "Confidential" or "Confidential–Counsel Eyes Only."

15.   Any party filing documents or exhibits under seal will place the documents or information to be filed in a sealed envelope displaying the attorney or party's name and address, including e-mail address if the attorney is registered as a Filing User of electronic case filing, the case caption, and the title of the document. The face of the sealed envelope must also indicate that the envelope contains Information designated "Confidential" or "Confidential–Counsel Eyes Only" pursuant to this Protective Order.

16.   If a party files with the Court a document containing or derived from Information designated "Confidential" or "Confidential–Counsel Eyes Only," only the Information

designated "Confidential" or "Confidential–Counsel Eyes Only," or derived there from, shall be filed under seal. The public version of the document shall be as complete as possible, but may redact the Information designated "Confidential" or "Confidential–Counsel Eyes Only," or derived there from. A courtesy copy of any filing containing "Confidential" or "Confidential–Counsel Eyes Only" material shall be delivered to the Court considering the matter.

17. A party seeking to disclose a document containing or derived from Information designated "Confidential" or "Confidential–Counsel Eyes Only" in open court must provide prior notice to the designating party to enable the designating party to object or take whatever other actions are deemed appropriate to maintain the confidentiality of the documents and/or Information.

18. If a court of law or administrative agency subpoenas or orders production of Information or documents designated "Confidential" or "Confidential–Counsel Eyes Only," or if a member of the public requests access to any such Information or documents, any party receiving such request shall promptly notify the designating party of such order, subpoena or other request. Once notified, it shall be the burden of the designating party to protect the Information or documents from disclosure or production pursuant to the order, subpoena or other request.

19. Producing or receiving materials or otherwise complying with the terms of this Protective Order, including marking or not marking any Information "Confidential" or "Confidential–Counsel Eyes Only," shall not:

    (a)    Operate as an admission by any party that any particular Information does or does not contain or reflect trade secrets, or other proprietary and confidential matter;

    (b)    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery;

    (c)    Prejudice in any way the rights of a party to seek determination by the Court (i) whether particular Information should be produced, or (ii) if produced, whether such Information should be subject to the terms of this Protective Order;

    (d)    Prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any Information; or

    (e)    Preclude any party from seeking review and determination as to the relevance, materiality and/or admissibility of any Information.

20. The production of documents or Information that, inadvertently or unintentionally, are not designated "Confidential" or "Confidential–Counsel Eyes Only" shall not be a waiver of a producing party's claim of confidentiality. Any disclosure prior to such designation shall not be deemed a violation of this Protective Order.

21. The parties agree that disclosure of any Information designated as "Confidential" or "Confidential–Counsel Eyes Only" pursuant to the terms of this Protective Order shall not be deemed publication or public disclosure.

22. Either party may petition the Court for a modification of this Protective Order, and the Court may modify this Protective Order to protect the interests of any party during the pendency of this action.

23. At the conclusion of this action, including any appeals, the originals and all copies of Information designated "Confidential" or "Confidential–Counsel Eyes Only" shall be returned to the party that produced such material or to their respective counsel within sixty (60) days, or (at the option of the producing party) destroyed. Provided, however, counsel for each party may retain a complete copy of each pleading (including exhibits) filed in this action and may also retain attorney work-product containing or describing such Information, but may not use such work product other than solely for purposes of this action.

24. This Protective Order shall survive the conclusion of this action and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

STIPULATED AND AGREED TO BY THE PARTIES:

DATED: January 30, 2008

**RECYCLED PAPER GREETINGS, INC.**   **KATHY DAVIS**

By: /s/ Joel W. Rice                              By: /s/ James V. Garvey

Craig R. Annunziata                               James V. Garvey
Joel W. Rice                                      Frederic T. Knape
Steven M. Miller                                  Vedder Price P.C.
Fisher & Phillips, LLP                            222 North LaSalle Street,
140 South Dearborn Street                         Suite 2600
Suite 1000                                        Chicago, Illinois 60601-1003
Chicago, Illinois 60603                           (312) 609-7500
(312) 346-8061

Steven Manchel
Manchel & Brennan, P.C.
199 Wells Avenue
Suite 301
Newton, Massachusetts 02459
(617) 796-8920

SO ORDERED:

_____           DATED: _____, 2008
The Honorable Elaine E. Bucklo

- 10 -

CHICAGO/#1741317.3

## "EXHIBIT A"

## ACKNOWLEDGMENT

I have received and read the foregoing Stipulated Protective Order ("Protective Order") dated _____, 2008, in the action styled <u>Recycled Paper Greetings, Inc. v. Kathy Davis</u>, Case No. 08 C 236. I affirmatively agree and represent as follows:

1. That I will be bound by the terms of the Protective Order;

2. That I will not disclose any Information (as that term is defined in the Protective Order) provided to me except in accordance with the Protective Order;

3. I will not use any Information for any competitive purpose; and

4. I also consent to the exercise of personal jurisdiction over me by the Court with respect to this Acknowledgement and the Protective Order.

_____
(Signature)

_____
(Name Printed)

_____
(Street Address)

_____
(City)        (State)        (Zip Code)