# EXHIBIT C

| | |
|---|---|
| From: | JIM GARVEY |
| To: | jwells@manchelbrennan.com |
| Date: | 2/11/2008 9:31:48 AM |
| Subject: | RPG v. Davis |

John:

I am responding to your email and letter dated February 6, 2008, concerning defendant's designation of certain documents as "Confidential - Attorney's Eyes Only" under the Stipulated Confidentiality Agreement and Protective Order we have proposed for entry by Judge Bucklo. We are writing pursuant to paragraph 12 of the Agreement/Order in a good faith attempt to resolve the dispute by extrajudicial means.

As we understand it, plaintiff has asked defendant to remove the "Confidential - Attorney's Eyes Only" designation of those documents reflecting agreements and/or proposed terms and conditions of a licensing relationship between defendant and American Greetings. These are the only documents so designated by defendant.

In an email I sent you on February 4, 2008, I asked what particular terms and conditions of such agreements and/or drafts you are referring to, and further asked how such provisions relate to any claim or defense in the action. Your February 6, 2008 email and letter do not address these questions in any respect. Thus, we ask again that you provide this specific information so that we can further discuss the designations in question.

At this time, we fail to see, and you have not shown, that any terms and conditions of any potential relationship between defendant and American Greetings are relevant to any claim or defense in the case. Merely because John Mavrakis was asked in his deposition for his view of the proposed economic terms, does not make such terms relevant to any claim or defense.

We will look forward to hearing from you further.

Regards,

Jim


CC:     KNAPE, FREDERIC

| | |
|---|---|
| From: | JIM GARVEY |
| To: | jwells@manchelbrennan.com |
| Date: | 2/4/2008 4:48:16 PM |
| Subject: | Re: Davis documents |

John,
Based on your explanation below, we do not agree to lift the restriction. What particular "terms and provisions" are you referring to, and how do such provisions relate to any claim or defense in the action? I have only sporadic email access at this time.
Regards,
Jim

-----Original Message-----
From: "John K. Wells" <jwells@manchelbrennan.com>
To: jwells@manchelbrennan.com
JIM GARVEY <J_GARVEY@vedderprice.com>
CC: FREDERIC KNAPE <F_KNAPE@vedderprice.com>
Creation Date: 2/4 2:50 pm
Subject: Davis documents

Jim,


We have reviewed most of the Davis documents and have an objection to the "attorney's eyes only" designation on certain documents related to Kathy's "deal" with AG, specifically the draft agreement between AG and Kathy. The problem is that the terms of the agreement are in many respects industry-specific, and we need to consult with our client to fully understand the operability or context of certain provisions. What we propose is not a blanket lifting of the "attorneys' eyes only" protection, but instead a lifting of that protection with respect to only a small handful of individuals at RPG. The documents will, of course, remain confidential. Otherwise we will either have to challenge the designation in court or consult independent experts, both of which will result in having to re-depose Kathy and John and Peter once we fully understand these terms and provisions.


Steve Manchel is in Philadelphia for the depositions, but you can communicate with me to facilitate resolution of this issue prior to tomorrow. Steve will explain the objection more fully tomorrow.


Thanks

John