# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

|  |  |  |
|---|---|---|
| RECYCLED PAPER GREETINGS, INC. | : | CASE NO.: 1:08-MC-13 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 1] |
| KATHY DAVIS, | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Interested third party American Greetings Corporation ("American Greetings") moves the Court to quash two subpoenas issued to it on behalf of Plaintiff Recycled Paper Greetings, Inc. ("RPG"). [Doc. 1.] Plaintiff RPG opposes the motion. [Doc. 2.]

For the following reasons, this Court **GRANTS** American Greetings' motion to quash the subpoenas.

### I. Background

This discovery dispute arises out of the subpoenas Plaintiff RPG issued to American Greetings Corporation in connection with an action pending in the U.S. District Court for the Northern District of Illinois, *Recycled Paper Greetings, Inc. v. Kathy Davis,* No. 08-236 (the "Illinois action"). American Greetings Corporation is not a party in the Illinois action.

A brief history of the Illinois action is instructive in understanding the present discovery dispute regarding the subpoenas issued to American Greetings. On November 20, 1990, Plaintiff RPG, a company that sells greeting cards, and Defendant Davis, an independent greeting card artist

Case No.1:08-mc-13
Gwin, J.

and designer who is the CEO of Kathy Davis Designs, Inc., entered into a licensing agreement.

[Illinois Action, Doc. 40 at 3.] Pursuant to this contract, Davis agreed to license some of her artwork

and to create designs for greeting cards that would then be sold by RPG for a period of five years.

The parties then renewed this license agreement in October 1995, December 2000, and March 2006.

When the parties renewed the agreement on March 22, 2006, they agreed that Davis could terminate

the contract as of January 1, 2008. *Id.*

Sometime during the summer of 2007, Plaintiff RPG and Defendant Davis spoke with one

of RPG's customers about a "Signature Collection" line of greeting cards. Apparently, if Davis and

RPG were able to agree upon a contract going forward, Davis would create the line of greeting cards

and RPG would market the line. The Plaintiff says that Defendant Davis learned RPG's confidential

business information during this period. *Id.* at 3-5. Plaintiff RPG also claims that it planned a

limited release of the collection in March 2008, a release that was presumptively dependent upon

its ability to reach a contract with Davis. The Plaintiff argues that the "Signature Collection"

product was a joint venture between the parties and that it relied upon representations from

Defendant Davis that caused it to believe she would renew her licensing agreement with RPG.

Davis denies any commitment to renewing the contract. On December 28, 2007, Defendant Davis

wrote a letter to the Plaintiff in which she terminated their business relationship. *Id.* at 5-7.

On January 10, 2008, Plaintiff RPG sued Davis and her company in the Northern District of

Illinois, claiming that Defendant Davis and third party American Greetings Corporation, the movant

in this instant case, plan to develop and market the "Signature Collection" greeting cards. In its

complaint, the Plaintiff alleges that Defendant Davis has, or will, disclose RPG's confidential trade

secrets to American Greetings. The Plaintiff makes claims against the Defendant for breach of

-2-

Case No.1:08-mc-13
Gwin, J.

contract, intentional and/or negligent misrepresentation, breach of fiduciary duty, promissory

estoppel, and violation of the Illinois Trade Secrets Act. [Illinois Action, Doc. 1.]

On January 22, 2008, Plaintiff RPG served American Greetings Corporation with two

subpoenas issued by the Northern District of Ohio on behalf of the Plaintiff. The first subpoena (the

"records subpoena") seeks to compel American Greetings to produce a significant number of

documents by January 28, 2008, or to provide a deposition of the "Keeper of the Records of

American Greetings" on that day if the documents were not produced. [Doc. 1-3.] The second

subpoena (the "30(b)(6) subpoena") requested essentially the same documents and required that

numerous witnesses knowledgeable about the documents be deposed on February 1, 2008. [Doc. 1-
4.]

On January 25, 2008, American Greetings filed the instant motion to quash the subpoenas

pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure. [Doc. 1.] Specifically, American

Greetings says that the subpoenas should be quashed because they fail to allow for reasonable time

for compliance and are unduly burdensome. *Id.* Further, American Greetings claims that

compliance would result in the disclosure of confidential trade secrets to their business competitor

and risk significant financial harm for the corporation. *Id.*

On February 11, 2008, Plaintiff RPG opposed the motion to quash the subpoenas. [Doc. 2.]

RPG primarily argues that the expedited discovery schedule set forth in the Illinois action renders

the short time for compliance with the subpoenas reasonable, that the subpoenas are not unduly

burdensome, and that compliance with the subpoenas does not threaten any valid claim of trade

secrets. *Id.*

## II. Legal Standard

-3-

Case No.1:08-mc-13
Gwin, J.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action. Fed R. Civ. P. 26(b)(1). Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Rule 26 is to be liberally construed to permit broad discovery. See U.S. v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976).

There are important limitations upon a party's right to conduct discovery, however. Rule 26(b)(2)(C) provides that the Court must limit the extent of discovery if the discovery sought "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit . . ." Fed. R. Civ. P. 26(b)(2)(C).

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)." Laethem Equip. Co. v. Deere and Co., 2007 WL 2873981, at *4 (E.D. Mich. 2007) (internal quotation omitted). Rule 45(c)(3) provides, in pertinent part, that "the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Rule 45(c)(3)(B) also further establishes that the court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3).

The movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure. In evaluating a motion to quash a subpoena, the district court may

-4-

Case No.1:08-mc-13
Gwin, J.

consider "whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) to what extent the information sought is relevant, nonprivileged, and crucial to the moving party's case." *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003). "If the documents sought by the subpoena are 'relevant and are sought for good cause,' then the subpoena should be enforced 'unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.'" *Chao v. Local 951, United Food and Commercial Workers International Union*, 2006 WL 2380609, at *2 (N.D. Ohio 2006) (citing *Bariteau v. Krane*, 206 F.R.D. 129, 130 (W.D. Ky. 2001)).

### III. Discussion

American Greetings argues that the subpoenas should be quashed because they are unduly burdensome and compliance with the subpoenas would unjustifiably result in the disclosure of American Greetings' trade secrets and confidential business information to their competitor, Plaintiff RPG. [Doc. 1 at 5-6.] American Greetings claims that the subpoenas demand that their witnesses be familiar with all of the material mentioned in eleven general categories immediately, and that this alone constitutes a significant burden on the company due to the short time allotted for compliance. Further, American Greetings says that the subpoenas request a very broad range of documents, which would require their employees to search and review "many thousands of pages of material." *Id.* at 5. Finally, American Greetings claims that compliance with the subpoenas would require the disclosure of confidential trade secrets to their business competitor, RPG. This Court agrees.

Despite the Plaintiff's assertion that the subpoenas are narrowly tailored and only request a limited number of documents, this Court finds that the two subpoenas in this case seek a very broad range of documents and testimony from American Greetings. The records subpoena seeks,

Case No.1:08-mc-13
Gwin, J.

among numerous items, documents relating to American Greetings' involvement in the underlying

facts of the Illinois action, its corporate relationship with Target, its agreements regarding the

Defendant's greeting card collections, and other current and potential agreements relating to any and

all similar greeting card collections. [Doc. 1-3 at 7-8.] The 30(b)(6) subpoena, for example, seeks:

> Potential or actual understandings and/or agreements (and specifically including all
> drafts and proposals) involving Target . . . monies or other consideration to be paid
> to American Greetings [or] Target . . . including without limitation salary, bonus,
> commissions, benefits, and loans."

[Doc. 1-4 at 6.] Even more broadly, that subpoena also seeks to gather information not only

regarding the movant's Scatter Joy Signature Collection, but also any other similar greeting card

collections. The subpoenas broadly seek American Greetings' commercial and business information

regarding these collections, including the following:

> [A]ny potential or actual: (a) marketing and/or advertising proposals, plans, or
> strategies; (b) pricing proposals, plans or strategies; (c) proposals, plans or strategies
> for "refreshing" of cards or other products; (d) proposals, plans or strategies for
> presentation and layout of products, including use of shelf space of actual and/or
> potential customers and resellers, including Target; (e) pro forma, projection, and/or
> budget information; and/or (f) projections and analyses of sales.

*Id.* at 7.

The Court thus finds that the subpoenas issued to American Greetings Corporation are overly

broad and will result in undue burden for the movant. The range of materials sought by the Plaintiff

far exceeds the scope of the Illinois lawsuit and the Plaintiff's contractual relationship with the

Defendant, and instead attempts to gather substantial and specific information from American

Greetings regarding its current and future business dealings with unrelated third party Target. The

relevant evidence before this Court suggests that the production of such confidential and privileged

information would not only be excessively burdensome to collect, but its disclosure could also result

Case No.1:08-mc-13
Gwin, J.

in significant financial harm to American Greetings. [Doc. 1-5.] The Court further notes that these overly broad discovery requests are particularly burdensome and costly given the short amount of time in which the movant was required to produce and/or testify regarding its findings.[1/]

This Court concludes that the subpoenas seek to obtain information regarding confidential business information from American Greetings, particularly with regard to its relationship with Target, and that the company's employees should not be required to testify, for example, about potential or actual "(a) marketing and/or advertising proposals, plans, or strategies; (b) pricing proposals, plans or strategies; (c) proposals, plans or strategies for "refreshing" of cards or other products; (d) proposals, plans or strategies for presentation and layout of products, including use of shelf space or actual and/or potential customers and resellers, including Target . . ." [Doc. 1-4 at 7.] The overly broad and intrusive nature of these subpoena requests are not cured by Plaintiff RPG's claim that the movant can merely sign a proposed confidentiality order to ensure that the material remains for "Attorneys' Eyes only." If the subpoena is unduly burdensome and unreasonable under Rule 45(c)(3), then the party from whom documents are sought is not required to disclose any information, even to the opposing party's attorneys.

Moreover, the Court finds that the vast majority of the relevant documents and testimony sought from American Greetings can be, or have already been, provided by Defendant Davis herself. The Plaintiff, in fact, states that the discovery sought by the subpoenas is "on the very same issues that Davis has disclosed in the Illinois Litigation" and that "it is entirely likely that Davis has already

---

[1/] The Plaintiff says that American Greetings' argument that the issued subpoenas did not give reasonable time to comply is now moot because the Plaintiff has agreed to postpone the 30(b)(6) depositions until the end of February. [Doc. 2 at 8.] While the Court appreciates and encourages parties' efforts to accommodate and cooperate, the question before this Court is whether *these* issued subpoenas, requiring a January 28, 2008 production of documents and February 1, 2008 depositions, violate the Federal Rules of Civil Procedure. See *Avante Intern. Tech. Corp. v. Diebold Election Systems,* 2007 WL 2688238, at *3 (N.D. Ohio 2007).

-7-

Case No.1:08-mc-13
Gwin, J.

produced - and RPG has already reviewed - certain of these documents." [Doc. 2 at 4.] Rule

26(b)(2)(C) provides that the court must limit the scope of discovery sought when that discovery

"can be obtained from some other source that is more convenient, less burdensome, or less

expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). The information sought from American Greetings by

the subpoenas can presumably be produced more efficiently and less intrusively by Defendant Davis

herself, and the Court finds that any information sought that she cannot provide (i.e. corporate plans

for the "use of shelf space" in displaying American Greetings products in Target stores) is highly

unlikely to be relevant or permissible under Rule 45. Further, the Court notes that Plaintiff RPG

has not demonstrated "a substantial need for the testimony or material that cannot be otherwise met

without undue hardship" under Rule 45(c)(3)(C)(1).

Finally, while the Court does not premise its decision whether to quash the subpoenas on the

likelihood of success of the underlying litigation, the Court must "balance[] the interests served by

demanding compliance with the subpoena against the interests furthered by quashing it." *Simon*

*Property Grp., Inc. v. Taubman Centers, Inc.*, 2008 WL 205250, at *3 (E.D. Mich. 2008) (citing

*Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir.2004)). The

Court thus measures the breadth of the information sought by the Plaintiff against the scope and

viability of its claims in the underlying litigation and the interests that might possibly be served by

demanding compliance with the subpoenas. The main thrust of the materials sought from American

Greetings goes to the issue of whether Defendant Davis violated the Illinois Trade Secrets Act and

breached a fiduciary duty by "shopping" her product line and providing other RPG business

information to American Greetings. If Defendant Davis owes no fiduciary duty to the Plaintiff,

however, and if no trade secret exists, then none of the information sought from American Greetings

-8-

Case No.1:08-mc-13
Gwin, J.

is relevant in the Illinois lawsuit.

In the Illinois action, the district court judge concluded on February 1, 2008 that she is "unable to find that RPG is likely to succeed on the merits of its claims." [Illinois Action, Doc. <u>40</u> at 9.] In deciding whether to grant a preliminary injunction, the court concluded, based on the evidence available to her, that it was unlikely that Plaintiff RPG and Defendant Davis were joint venturers and that no evidence suggested that the parties entered into a confidential relationship requiring fiduciary duties of non-disclosure. <u>Id.</u> at 9-13. Moreover, the court found that the evidence did not indicate that Defendant Davis had disclosed any trade secrets to American Greetings because RPG had not demonstrated the existence of any trade secret. <u>Id.</u> at 14-15. Under the Illinois Trade Secrets Act, a trade secret is defined as:

> [I]nformation, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that: (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

<u>765 Ill. Comp. Stat. 1065/2(d) (West 2008)</u>. The Illinois court concluded that, at this stage in the litigation, Plaintiff RPG has not shown any evidence that the information that Defendant Davis possessed about RPG was sufficiently secret or that she, as a third party licensee, was bound to confidentiality by any type of written agreement. [Illinois Action, Doc. <u>40</u> at 14-17. Moreover, the court noted that Defendant Davis has attested that, even if trade secrets exist in the Illinois action, the protected information was not in any way communicated to American Greetings. <u>Id.</u> at 14-17. Based on this information and the record before this Court, the Court finds that the interests that would be served by requiring compliance with the issued subpoenas are far outweighed by the harms

Case No.1:08-mc-13
Gwin, J.

that American Greetings may suffer if required to obey the subpoenas.

The Court therefore concludes that the subpoenas issued to American Greetings violate Rule 45(c)(3) of the Federal Rules of Civil Procedure and should be quashed. The scope of the information sought by the Plaintiff is unduly burdensome, particularly in light of the limited time frame established in the subpoenas, and exceedingly broad in scope. Further, the Court concludes that the majority of the documents and testimony that the subpoenas seek to obtain is not relevant to the Illinois litigation, especially when considered in the context of the Illinois district court's analysis in its recent order denying the Plaintiff's motion for a temporary restraining order. Finally, this Court finds that any possibly relevant information requested by the subpoenas can more efficiently be provided by Defendant Davis herself.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** American Greetings Corporation's motion to quash the subpoenas issued to it.

IT IS SO ORDERED.

Dated: February 13, 2008

s/     *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE