IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| RECYCLED PAPER GREETINGS, INC., an Illinois corporation, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 08 C 236 |
| v. | ) Judge Elaine E. Bucklo<br>) |
| KATHY DAVIS, | ) Magistrate Judge Morton Denlow |
| Defendant. | )<br>) |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Recycled Paper Greetings, Inc. ("Plaintiff") submits the following Answer and Affirmative Defenses to the Counterclaim of defendant Kathy Davis ("Defendant"):

1. Plaintiff admits that there is a license agreement by which Defendant granted RPG the exclusive right to sell certain Kathy Davis greeting cards and certain related social expression products. As that License speaks for itself, Plaintiff denies all remaining allegations contained in Paragraph 1 of the Counterclaim. Plaintiff denies also that the referenced provision was "critical" and that Davis has suffered the damages claimed.

2. Plaintiff admits that it has brought suit against Defendant and that the Defendant has sought relief under the Illinois Trade Secret Act. Plaintiff denies all remaining allegations contained in Paragraph 2 of the Counterclaim.

3. Plaintiff admits the allegations as to Defendant's address, and further admits that Defendant conducts business in various capacities, although Plaintiff denies that Defendant ever conducted business with RPG as "Kathy Davis Studios, Inc."

4. Plaintiff admits the allegations contained in Paragraph 4 of the Counterclaim.

5. Plaintiff admits the allegations contained in Paragraph 5 of the Counterclaim.

6. Plaintiff admits the allegations contained in Paragraph 6 of the Counterclaim.

7. Plaintiff admits the allegations contained in Paragraph 7 of the Counterclaim.

8. Plaintiff denies the allegations contained in Paragraph 8 of the Counterclaim.

9. Plaintiff admits that, on or about March 22, 2006, Defendant and Plaintiff executed the so-called "March 22 Renewal Agreement," which speaks for itself.

10. Plaintiff admits that the License Agreement states that "RPG agrees to maintain this permanent branded collection for the duration of its Licensing Agreement with KDS." Plaintiff denies the remaining allegations contained in that Paragraph and states further that the License Agreement speaks for itself.

11. Plaintiff denies the allegations contained in Paragraph 11 of the Counterclaim and states further that the License Agreement speaks for itself.

12. Plaintiff denies the allegations contained in the first three sentences of Paragraph 12 of the Counterclaim and states further that the License Agreement speaks for itself.

13. Plaintiff denies the allegations contained in Paragraph 13 of the Counterclaim, constituting the Defendant's characterization and interpretation of the terms of the License Agreement, which speaks for itself.

14. Plaintiff denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Plaintiff denies the allegations contained in the first sentence of Paragraph 15 of the Counterclaim. Plaintiff admits that there were meetings in 2007, during which the topic of a, but not "the," so-called "Permanent Branded Collection" was discussed. Plaintiff admits also that the parties, in 2007, met and discussed the question of "a Kathy Davis branded collection" was discussed. Plaintiff denies the remaining allegations contained in Paragraph 15 of the Counterclaim.

16. Because Defendant has failed to identify what "Permanent Branded Collection" she supposedly designed and maintained, as required by the License Agreement, Plaintiff lacks knowledge or information sufficient to admit or deny the allegation that it did not [sic] "implement or maintain the Permanent Branded Collection," a term that is not defined in the License Agreement that Defendant drafted. Answering further, Plaintiff states that, between January 1, 2006 and January 1, 2008, Plaintiff maintained more than 144 Kathy Davis images, and still does so. Plaintiff therefore denies the allegations contained in Paragraph 16 of the Counterclaim.

17. Plaintiff denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Plaintiff denies that Defendant "developed" the "collection concept" introduced to the Customer. Plaintiff admits the remaining allegations contained in Paragraph 18 of the Counterclaim.

19. Plaintiff admits that a meeting occurred on July 30, 2007, which meeting was attended by Defendant and the Customer and at which meeting Defendant spoke about the potential business project. Plaintiff denies that Defendant, at that meeting, presented the "Signature Collection," and admits that, some time after the meeting, the Customer committed to launch a product that was created jointly by Plaintiff and Defendant and that the product to be

launched consisted of, among other things, the number of cards referenced in Paragraph 19 of the Counterclaim, which cards, as of that meeting, had not been selected.

20.     Plaintiff denies the allegations contained in Paragraph 20 of the Counterclaim.

21.     Plaintiff admits the allegations contained in the first sentence of Paragraph 21 of the Counterclaim.  Plaintiff denies all remaining allegations contained in Paragraph 21.

22.     Plaintiff denies the allegations contained in the first sentence of Paragraph 22 of the Counterclaim.  The second sentence of that Paragraph contains only conclusions of law to which no response is required and, additionally, it is unintelligible.  To the extent any response is required, Plaintiff denies the same.

23.     Plaintiff denies the allegations contained in the first sentence of Paragraph 23 of the Counterclaim.  Plaintiff admits that Defendant, through RPG, has sold greeting cards at the Customer and denies any other allegations, if any, contained in Paragraph 23 of the Counterclaim.

24.     Plaintiff denies the allegations contained in of Paragraph 24 of the Counterclaim.

25.     Plaintiff denies the allegations contained in Paragraph 25 of the Counterclaim.

26.     Plaintiff denies the allegations contained in Paragraph 26 of the Counterclaim.  Answering further, Plaintiff admits that Davis and KDI expressed concerns to RPG management.

27.     Plaintiff lacks knowledge or information sufficient to determine the truth or accuracy of the allegations contained in the first sentence of Paragraph 27 of the Counterclaim, as those allegations do not pertain to the Plaintiff and thus do not require a response.  To the extent that any response is required, the Plaintiff denies those allegations.  Plaintiff admits that the parties met and discussed various business issues, but denies the remaining allegations contained in Paragraph 27.

28. Plaintiff admits that the parties had a meeting on November 8, 2007, but denies all remaining allegations contained in Paragraph 28 of the Counterclaim.

29. Plaintiff admits that it prepared a proposed "mutual agreement" on or around November 30, 2007, and that the mutual agreement was non-binding, "not an agreement and did not provide for any form of execution or verification by Davis." Plaintiff denies all remaining allegations contained in Paragraph 29 of the Counterclaim.

30. Plaintiff admits that it received a letter from Davis' husband on or about December 14, 2007, but denies all remaining allegations contained in Paragraph 30 of the Counterclaim.

31. Plaintiff denies the allegations contained in Paragraph 31 of the Counterclaim, constituting Defendant's characterization and interpretation of the correspondence referenced therein, which correspondence speaks for itself.

32. Plaintiff denies the allegations contained in Paragraph 32 of the Counterclaim, constituting the Defendant's characterization and interpretation of the correspondence referenced therein, which correspondence speaks for itself.

33. Plaintiff denies the allegations contained in Paragraph 33 of the Counterclaim, constituting the Defendant's characterization and interpretation of the correspondence referenced therein, which correspondence speaks for itself.

34. Plaintiff admits that it sent correspondence to Defendant on December 27, 2007. Plaintiff denies the remaining allegations contained in Paragraph 34 of the Counterclaim, constituting the Defendant's characterization and interpretation of that correspondence, which correspondence speaks for itself.

35. Plaintiff denies the allegations contained in Paragraph 35 of the Counterclaim, constituting the Defendant's characterization and interpretation of the correspondence referenced therein, which correspondence speaks for itself. Answering further, Plaintiff admits that a letter was sent to the Plaintiff on and dated December 28, 2007, pursuant to which the License Agreement was purportedly terminated.

36. Plaintiff denies the allegations contained in Paragraph 36 of the Counterclaim, constituting the Defendant's characterization and interpretation of the correspondence referenced therein, which correspondence speaks for itself. Answering further, Plaintiff admits that, as of February 1, 2008, Plaintiff had not provided to Defendant an accounting or returned to Defendant greeting card designs licensed exclusively to Plaintiff.

37. The allegations contained in the first sentence of Paragraph 37 of the Counterclaim do not pertain to the Plaintiff and thus do not require a response. To the extent that any response is required, the Plaintiff denies the allegations. Plaintiff denies the allegations contained in the second sentence of Paragraph 37 of the Counterclaim.

38. Paragraph 38 of the Counterclaim contains only conclusions of law to which no response is required. To the extent a response is required, Plaintiff denies the allegations contained in Paragraph 38 of the Counterclaim.

39. Plaintiff admits that, by this action, it seeks to enjoin Davis and that the Signature Collection, as defined by the Plaintiff (and not by Defendant), constitutes a protectable trade secret. Plaintiff denies all remaining allegations contained in Paragraph 39 of the Counterclaim.

40. The allegations contained in the first sentence of Paragraph 40 of the Counterclaim do not pertain to the Plaintiff and thus do not require a response. To the extent that

any response is required, the Plaintiff admits that certain documents have been filed under seal in this action, but denies all remaining allegations.

42. Plaintiff restates and reasserts here its answers to Paragraphs 1-40 of the Counterclaim.


41. Plaintiff restates and reasserts here its answers to Paragraphs 1-40 of the Counterclaim.

42. Plaintiff admits the allegations contained in Paragraph 42 of the Counterclaim.

43. Plaintiff denies the allegations contained in Paragraph 43 of the Counterclaim.

44. Plaintiff denies the allegations contained in Paragraph 44 of the Counterclaim.

45. Paragraph 45 of the Counterclaim contains only conclusions of law to which no response is required. To the extent any response is required, Plaintiff denies the same.

46. Paragraph 46 of the Counterclaim contains only conclusions of law to which no response is required. To the extent any response is required, Plaintiff denies the same

Wherefore, any and all allegations in the Counterclaim not specifically admitted or denied herein are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant is estopped from asserting some or all of her claims.

### THIRD DEFENSE

Defendant has waived some or all of her claims.

### FOURTH DEFENSE

Defendant failed to perform all of her obligations under the License Agreement and breached that Agreement and therefore is barred in whole or in part from enforcing that Agreement.

### FIFTH DEFENSE

Defendant's claims are barred in whole or in part by her unclean hands.

### SIXTH DEFENSE

Defendant failed to mitigate her damages and, therefore, her claims are barred in whole or in part.

### SEVENTH DEFENSE

Any award to Defendant, to which Plaintiff denies Defendant's entitlement, is subject to set-off to the extent of any damages awarded to Plaintiff.

### EIGTH  DEFENSE

If the Defendant sustained any damages, as alleged, such damages were caused by or contributed to, in whole or in part, by the Defendant's own actions and/or omissions.

Dated: February 26, 2008		Respectfully submitted,

		RECYCLED PAPER GREETINGS, INC.,


		By:	/s/ Joel W. Rice
			One of the Attorneys for Plaintiff

Craig R. Annunziata
Illinois Bar No. 6209487
Joel W. Rice
Illinois Bar No. 6186471
FISHER & PHILLIPS, LLP
140 South Dearborn Street
Suite 1000
Chicago, IL 60603
(312) 346-8061

Steven Manchel
MANCHEL & BRENNAN, P.C.
199 Wells Avenue, Suite 301
Newton, MA 02459
(617) 796-8920

## CERTIFICATE OF SERVICE

The undersigned attorney of FISHER & PHILLIPS LLP, certifies as follows:

That on February 26, 2008, the foregoing **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> James V. Garvey
> VEDDER PRICE, P.C.
> 222 North LaSalle Street
> Suite 2400
> Chicago, IL  60601

thereby serving the same upon them.

/s/ Joel W. Rice